## SAN ANGELO WATER, LIGHT & POWER CO. v. ANDERSON. (No. 6454.)*

(Court of Civil Appeals of Texas. Austin. June 21, 1922. On Motion for Rehearing, Oct. 25, 1922.)

**1. Electricity ☜19(5)—In death action, evidence held to sustain finding of negligence of light company.**

In an action against a light company for death by electrocution of a city officer attempting to relight a defective street lamp, evidence *held* to sustain finding of negligence on the part of the light company.

**2. Electricity ☜15(1)—Police officer attempting to relight defective street lamp held invitee.**

Where it was known to light company that it was customary for members of the police force, when they found that a street lamp had gone out, to shake the lamp to relight it, and this custom was known to the light company, a member of the police force while performing such an act was an invitee.

**3. Electricity ☜16(6)—Violation of ordinance requiring proper insulation of wires negligence per se.**

A light company's violation of a city ordinance in not properly insulating wires, resulting in the death of a city officer, constituted negligence per se.

**4. Electricity ☜19(12)—Police officer attempting to relight defective street lamp held not negligent as a matter of law.**

In an action against a light company for death of police officer resulting from shock by contact with an electric wire while attempting to relight a defective street lamp, evidence *held* not to show contributory negligence as a matter of law.

**5. Negligence ☜65—Care required of person injured.**

Whether the doing of an act which a party knows might be dangerous is negligence depends on whether or not, under all of the circumstances, a reasonably prudent man would have done the act.

**6. Trial ☜350(2)—Court need not submit evidentiary facts as special issues.**

A court need not submit as special issues evidentiary facts, and as a general rule it should not be done.

**7. Trial ☜350(8)—Not error to refuse to submit matters not in dispute as special issues.**

It is not error for a court to refuse to submit matters not in dispute as special issues.

**8. Death ☜99(4)—$15,000 held not excessive damages.**

Where deceased was about 37 years old, in robust health, and earning $110 a month, practically all of which he spent on his wife and child, a verdict for $15,000 was not excessive.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Action by Mrs. Hattie Anderson against the San Angelo Water, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas & McCarty and Wright & Harris, all of San Angelo, for appellant.

Blanks, Collins & Jackson, of San Angelo, for appellee.

### Findings of Fact.

JENKINS, J. The appellant negligently permitted an electric wire owned by it to become charged with a deadly current of elec-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction December 6, 1922.

tricity. The husband of appellee touched or grasped this wire, and received an electric shock, which instantly caused his death. In doing so he was not guilty of contributory negligence.

### Opinion.

There were but two contested issues presented on this appeal. The one is as to the contributory negligence of the deceased, and the other is as to the amount of damages recovered.

Our findings of fact as above set out require that the judgment of the trial court should be affirmed on the issue of negligence, if no reversible error was committed upon the trial. Our reasons for finding the facts as above stated are:

[1] Appellant was the owner of a light and power plant in the city of San Angelo, furnishing, among other things, arc lights for the streets. The arc lamps were raised and lowered by means of a cable, the one end attached to the lamp and the other to a post. They were constructed with an insulator where the cable joined the lamp, which, if kept in repair, prevented the electric current from passing into the cable. An ordinance of the city of San Angelo required that they should be so constructed. At the other end of the cable there was an insulator, consisting of a ball, on one side of which there was an eye, and through this the cable was passed; on the other side was an eye, through which a wire was passed with a ring on the end of same. This last-mentioned insulator prevented the electric current passing from the cable to the wire. In lowering or raising the lamp, the party so doing took hold of this ring or wire. In addition to the cable being used for raising and lowering the lamp, it was also used for shaking the lamp when it went out. This restored the current and lighted the lamp.

[2] The deceased was assistant city marshal of the city of San Angelo, and had been for some time. It was customary for members of the police force, when they found an arc lamp had gone out, to take·hold of the wire or ring and shake it in order to relight the lamp. This custom was known to the appellant and was approved by it, and was beneficial to it.

The deceased, at about 9 o'clock at night, in company with the city marshal, was passing an arc lamp which had gone out. He went to the post where the cable was, with the express purpose of shaking the light back on. He grasped or touched the cable above the insulating ball, and was killed instantly. That the insulator at the end of the cable next to the lamp was out of order is evidenced by the fact that the cable was charged with an electric current sufficiently strong to kill the deceased as stated. It was known to the appellant that something was out of order in connection with this lamp. The man-

ager had so notified the superintendent, who had ordered parts for repairing the same. After the death of deceased, it was found that the insulator next to the lamp was in fact out of order.

The deceased occupied the position of an invitee, by reason of the fact that the act which he attempted to do was beneficial to the defendant, and it was known to the defendant that it had been the custom of deceased and other members of the police force to perform such act, and it had approved of such conduct. Foster v. Rodgers (Tex. Civ. App.) 184 S. W. 761; Austin v. Schlegel (Tex. Civ. App.) 228 S. W. 291; Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; Barker v. Electric Light Co., 178 Mass. 503, 60 N. E. 2; Fry v. Hillan (Tex. Civ. App.) 37 S. W. 359; 29 Cyc. 457; Lane v. Electric Co., 88 Conn. 670, 92 Atl. 430. Many additional Texas authorities might be cited to the same effect.

[3] The failure to comply with the ordinance of the city of San Angelo constituted negligence per se. In addition to this, the evidence is sufficient to show that the appellant was guilty of negligence in fact; and the jury so found.

[4] It is insisted that the deceased was guilty of negligence as a matter of law, because he knew that it was dangerous to touch the cable above the insulating knob. The evidence in reference to this matter is that when a new night watchman was employed by the city of San Angelo some time before the death of deceased, deceased informed him that when an arc light was out, by shaking the cable it would be brought on again, and instructed him to take hold of the cable below the insulating knob. The witness stated that he thought the deceased said it was dangerous to take hold above the knob; of this he was not sure, as he had been so informed by another officer of the city.

[5] The most that this evidence shows is that the deceased knew it was dangerous to touch the cable above the insulating ball, if the insulator next to the lamp was out of repair, and perhaps that he knew that such might be the case. No one is required to anticipate the negligence of another, and especially that he will fail to comply with the law. But, as deceased may be presumed to have known that the insulator next to a lamp might get out of repair without the defendant knowing it, he therefore knew that there might be danger in touching the wire above the insulating ball. It is not sufficient to constitute negligence that a party knew there might be danger in doing a given act, if he did not know positively that such act was dangerous. Whether or not an act done which a party knows might be dangerous is negligence depends upon whether or not under all of the circumstances a reasonably prudent man would have done such act.

For a full discussion of the law on this subject, see Electric Co. v. Halliburton (Tex. Civ. App.) 136 S. W. 584, and the authorities therein cited. To have constituted negligence on the part of the deceased in touching the wire above the insulating ball, he must have done so intentionally, or so carelessly as to constitute negligence. The facts in this regard do not show that he realized that he was touching the cable above the insulating ball. These balls which were attached to the cables in all of the arc lights in the city were from eight to nine feet above the ground. The wire attached to them extended down about two feet. This particular ball, at the time of the death of deceased, was only about six feet above the ground. This was occasioned by reason of the fact that the post supporting the wire had broken, and evidently the wire had sagged. It is not shown that deceased knew this fact. It was in the night, and where he grasped the wire, shown by the burned flesh upon it, was about six feet above the ground. It may be reasonably inferred from the facts in evidence that he walked hurriedly to the post, leaving the chief of police in his motorcycle, and extended his hand to grasp the wire, supposing it to be in the usual position. If so, he was not negligent in touching the wire above the insulating ball.

The court correctly defined "contributory negligence," and instructed the jury that if they found that the deceased was guilty of negligence in touching the wire above the insulating ball, they would find for the defendant. They found against negligence on the part of the deceased, and the evidence justified such finding.

[6, 7] The appellant filed a number of assignments as to the charge of the court, both as to requested charges that were refused and as to charges that were given. We have carefully examined these assignments, and have concluded that all of them should be overruled. Some of the requested charges which were refused related to evidentiary facts. It is not incumbent upon a court to submit as special issues evidentiary facts, and as a general rule it should not be done. Some of the facts requested to be submitted were matters that were not in dispute; for instance: Did the cable, at the time deceased pulled the same, have attached thereto the insulating ball hereinbefore referred to? Did the deceased know this fact; and did he know it was safe to pull the cable by taking hold of the wire below the insulating ball? Did the act of the deceased, in taking hold of the cable above the insulating ball, cause his death? Had these special issues been submitted to the jury, and had the findings been in favor of appellant, it could have made no difference as to the result of this case. Other special charges requested were as to contributory negligence on the part of the deceased. This phase of the case was fully and fairly covered by the charges given.

The charge given by the court as to contributory negligence is not subject to the criticism made by appellant under several assignments of error relating thereto.

[8] The jury returned a verdict for $15,000 damages. Appellant insisted that this amount is excessive. The evidence shows that the deceased was about 37 years of age, in robust health; receiving, at the time of his death, a salary of $110 a month; that he was sober and industrious, and spent practically all of his earnings on his wife and child. We cannot say, as a matter of law, under this state of facts, that a judgment for $15,000 damages was excessive.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

#### On Motion for Rehearing.

We have carefully examined the motion and amended motion for a rehearing herein, and find no reason for changing our opinion heretofore rendered. However, we modify our findings of fact to this extent:

We stated that the wire had sagged on account of the pole to which it was attached being broken. The evidence does not justify this finding of fact.

Motion overruled.