## J. WEINGARTEN, INCORPORATION, V. L. E. BROCKMAN ET UX.

No. 7432. Decided January 24, 1940.
Rehearing overruled February 28, 1940.
(135 S. W., 2d Series, 698.)

*Sewell, Taylor, Morris & Garwood,* of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the evidence raised a question for the jury as to whether defendant was guilty of negligence. Hoyt v. Woodbury, 200 Mass. 343, 86 N. E. 772; Hertz v. Advertiser, 201 Ala. 416, 78 So. 794; Stimpson v. Bartex Pipe Line Co., 120 Texas 232, 36 S. W. (2d) 473.

*Ernest H. Folk* and *Blanchard & Woodul,* all of Houston, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by L. E. Brockman and wife Cora Lee Brockman, defendants in error, against J. Weingarten, Inc., a private corporation, plaintiff in error, for damages for personal injuries sustained by Mrs. Brockman when she fell on a concrete surface near the store of plaintiff in error. When defendants in error rested their case the trial judge, in response to a motion by the plaintiff in error, peremptorily instructed the jury to return a verdict that they take nothing, and judgment to that effect was rendered on the verdict returned in obedience to such instruction. The Court of Civil Appeals reversed that judgment and remanded the cause to the trial court. 115 S. W. (2d) 753.

Plaintiff in error operated a grocery store on a corner lot in the City of Houston at the intersection of Taft and West Gray streets. It appears that the store building was set back fifteen feet or more from the public sidewalk, and that the entire surface between the building and the sidewalk was covered by concrete. Along the north wall of the building for a width of about five feet and extending its entire length the concrete surface was level with the surface of the floor of the building. The surface of the public sidewalk was slightly lower than the surface of the floor of the building, and the area between the sidewalk and the five foot strip next to the building, being about ten or twelve feet wide, was covered with concrete, the surface of which was level with the public sidewalk. The difference in elevation between the two areas formed an offset five feet north of the building and extending the entire length of the north side thereof, which was variously

estimated at from one and one-half inches to three inches. Shortly before she sustained her injuries, Mrs. Brockman parked her car on West Gray street, which was north of the store building, and entered such building by its north entrance to purchase some groceries. That was not the main entrance, but was used by customers. After making her purchases she left the building through the same doorway with her arms full of bundles. A few feet from the doorway she lost her footing and fell. Damages are sought for the injuries sustained by such fall.

On direct examination Mrs. Brockman testified that she did not know why or how she fell. Thereafter her attorney propounded further questions to her designed to elicit from her more information upon that subject, but objections thereto were interposed by plaintiff in error and sustained by the court. No bills of exceptions are brought forward disclosing what would have been her answers to these questions, and no error is disclosed therefore in the rulings of the court sustaining such objections. 3 Tex. Jur. p. 470, Sec. 331.

■ The evidence of negligence contained in the record is very meager. About all the evidence that we can glean therefrom having any probative force, except that afforded by the description of the premises, is the testimony of Mrs. Brockman to the effect that Mr. Davis, the manager of plaintiff in error's store, saw her fall and rushed to her aid; that he then asked her if she was hurt; that he took her name and address and said that he would send the company doctor to visit her; and that he said "you are the fifth or sixth lady who has fallen here." This testimony constituted some evidence, not only of notice to plaintiff in error of the condition there existing, but as well of its negligence in permitting such condition to exist. Fort Worth & D. C. Ry. Co. v. Measles, 81 Texas 474, 17 S. W. 124; Texas & Pac. Ry. Co. et al v. Hill, 71 Texas 451, 9 S. W. 351; 45 C. J. p. 1246, Sec. 810.

■ The application for writ of error was granted in this case on the alleged conflict between the decision of the Court of Civil Appeals herein and the decision of the Court of Civil Appeals at Beaumont in the case of Marshall v. San Jacinto Building Company, 67 S. W. (2d) 372 (error refused). Obviously there is a similarity between the facts in the two cases, but they are not identical. The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that

the decision in one could be held to be authority for a like decision in the other. Examining the facts in the case before us, we are of the opinion that an issue is presented on the negligence of plaintiff in error in failing to maintain the premises in a reasonably safe condition. Jurors might conclude that the slight offset on the wide concrete area was deceptive and dangerous. The record does not disclose why such a slight offset should have been maintained or what purpose it served. Plaintiff in error invited the public, including Mrs. Brockman, to come through the north entrance of this store, thereby impliedly representing that it was safe for them to do so. If it was unsafe, the jury might have concluded that plaintiff in error should have made it safe, or, if that could not be done practically, should have discontinued the use of that entrance altogether. We cannot hold that this slight offset was so obvious as to exonerate plaintiff in error of all negligence as a matter of law.

■ The most difficult question in the case is that of whether there is any evidence that the injuries were proximately caused by the negligence of plaintiff in error. The evidence on the whole case is meager, particularly on the question of proximate cause; but we have concluded that there is some evidence raising that issue. There was testimony to the effect that Mrs. Brockman fell on the offset. The manager said, according to her testimony, that other women had fallen there. That is some evidence that the offset caused her to fall. We had occasion recently to consider the province of jurors to infer proximate cause from circumstances, and recognized that broad latitude was allowed them in that regard. See Peveto v. Smith, 134 Texas 308, 133 S. W. (2d) 572. There is room in this case for a legitimate inference of proximate cause, and the assignment presenting that question is therefore overruled.

Viewing this record as a whole, we are well convinced that it presents fact issues, and the judgment of the Court of Civil Appeals is accordingly affirmed.

Opinion adopted by the Supreme Court January 24, 1940.

Rehearing overruled February 28, 1940.