### CAMP v. J. H. KIRKPATRICK CO.
No. 12399.

Court of Civil Appeals of Texas.
San Antonio.

June 4, 1952.

Rehearing Denied July 9, 1952.

414

O. Shelley Evans, San Antonio, for appellant.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellee.

POPE, Justice.

This is a slip and fall case and is an appeal by an invitee from an instructed verdict in favor of the defendant building owner, and concerns the nature of the duty the owner owed the invitee.

T. J. Camp was an employee for a dental clinic that officed on the second floor of the Kirkpatrick Building, situated in downtown San Antonio and owned by Kirkpatrick Company. On the morning of April 1, 1949, there had been a slow moderate rain for several hours. Camp on that morning attended to some personal business matters until about eleven o'clock and then went to the building. He got out of a car that stopped at the curb and with the use of crutches walked across the wet sidewalk to an entranceway leading to a stairway to the second floor. The entranceway was owned and controlled by the Kirkpatrick Company. It was about five feet wide and extended about eight feet from the edge of the sidewalk to the first riser of the stairway. The floor was constructed of terrazzo, sloped about three inches from the foot of the stair toward the sidewalk and there was a roof that covered the entranceway. When Camp entered upon the entranceway it was still raining. Camp had worked in the same building and had used the stairs and the approach for more than thirteen years, during which time he had seen all the physical characteristics of the floor, the slope and the entranceway, thousands of times. The proof showed that the building management employed a janitor and that during bad weather he placed a "coco" mat in the entranceway. On the morning of April 1, 1941, the management owned a mat that was five feet long and four feet wide, but on that morning it was not placed in the entranceway. The management knew that it was raining, as did also the appellant. There was no proof of any previous incident of slipping on the approach, or that the owner had actual knowledge that it was slippery. Camp fell in the entranceway and sustained injuries for which he sought recovery.

Appellant asserted negligence on the part of the Kirkpatrick Company for: (1) permitting mud and water to accumulate on the approach, (2) failing to place the coco mat on the approach, and (3) maintaining the approach with the three inch slope. At the conclusion of plaintiff's evidence, the court granted defendant's motion for instructed verdict, which asserted, (1) failure to prove defendant's negligence, (2) that the evidence as a matter of law established plaintiff's contributory negligence, (3) as well as the defense of volenti non fit injuria, and (4) that the conditions complained of were open and obvious.

Slip and fall cases, like other negligence suits, involve at least the existence of a legal duty toward the invitee and the owner's negligent breach of that duty proximately resulting in injury to the invitee. The burden of proving any claimed contributory negligence or other defense rests upon the owner. Some authorities hold that there is no original breach of duty by an owner when the condition com-

plained of is open and obvious. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hodges v. Nix, Tex.Civ.App., 225 S.W.2d 576; Russell v. Liggett Drug Co., Tex.Civ.App., 153 S.W.2d 231; Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856; Crump v. Hellams, Tex.Civ.App., 41 S.W.2d 288. Whether a condition is open and obvious is treated by still other cases as bearing on the issue of the invitee's own contributory negligence. Blanks v. Southland Hotel, Tex., 229 S.W.2d 357; Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585; J. Weingarten, Inc. v. Brockman, .134 Tex. 451, 135 S.W.2d 698; Renfro Drug Co. v. Lewis, Tex., 235 S.W.2d 609, 621; West Texas Utilities Co. v. Harris, Tex.Civ.App., 231 S.W.2d 558; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501; Fergeson v. National Bank of Commerce, Tex.Civ.App., 174 S.W.2d 1015; United Gas Corporation v. Crawford, 141 Tex. 332, 172 S.W.2d 297; accord, Boltinghouse v. Thompson, Tex.Civ.App., 12 S.W.2d 253; Shawver v. American Ry. Express Co., Tex.Civ.App., 236 S.W. 800. The significance of this dissimilar treatment of the same facts is that it confuses the plaintiff's burden to prove defendant's breach of duty and negligence with the defendant's burden to prove plaintiff's breach of duty and contributory negligence.

To discern the burden that rests upon a plaintiff invitee, it is necessary to state correctly the duty the owner owes him, and the confusion of plaintiff's and defendant's burden is traceable to an overstatement of the duty owing the invitee. The oft-cited duty rule in Marshall v. San Jacinto Building Co., Inc., Tex.Civ.App., 67 S.W.2d 372, 374, illustrates the point. It is there stated: "'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care.'" Such a duty statement, if applied to an automobile negligence suit, would be to state that a defendant driver was under a duty to keep a reasonable

lookout so long as the plaintiff kept a reasonable lookout. Such a statement would confuse two duties, and result in decisions saying that the defendant driver did not breach his duty to keep a proper lookout because the plaintiff driver failed to keep a proper lookout too. That is what has happened in many slip and fall cases, by reason of an overstatement of the owner's duty so that it includes matters of contributory negligence. If a defendant driver was not negligent it is immaterial that a plaintiff driver may also have been negligent. And in a slip and fall case, if the defendant owner was not negligent because he did not have and ought not to have had knowledge of danger, it is immaterial that the plaintiff invitee was himself negligent in failing to see what he ought to have seen. Knowledge is the important inquiry, but description in the duty rule of a condition that may charge one with or excuse one from knowledge tends to reduce that inquiry to an evidentiary issue. Whether a condition is open and obvious or hidden and concealed may be, but not necessarily must be, the same thing as the presence or the absence of knowledge.

A more correct statement of an owner's duty would be that he is under a duty to use reasonable care to make and keep the premises free from danger to invitees when the danger is known or should be known by the proprietor. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 431, 20 A.L.R.2d 853; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Renfro Drug Co. v. Lewis, Tex., 235 S.W.2d 609, 615. By such a duty rule, the invitee then is under a burden to prove the presence of a danger on the premises and that the owner knew or ought to have known of that danger, that he was negligent in maintaining the premises in that condition, and that such negligence proximately caused the injury. When there is added to the duty rule the requirement that the condition must be one that is hidden or concealed from the invitee, nothing is really added. Whether the condition is hidden or obvious, an invitee must still make prima facie proof that the owner either knew or ought to have known of the presence of danger. Smith

v. Safeway Stores, Tex.Civ.App., 167 S.W. 2d 1044; Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633; Derichs v. O. K. Auto Parts & Sales Co., Tex.Civ.App., 92 S.W.2d 465; The Fair v. Preisach, Tex. Civ.App., 77 S.W.2d 725; Crump v. Hellams, Tex.Civ.App., 41 S.W.2d 288. Otherwise, the proprietor would be liable without fault by virtue of mere ownership of premises where a person fell. Galveston H. & H. R. Co. v. McLain, Tex.Civ.App., 218 S.W. 65, 67; Fort Worth & D. C. Ry. Co. v. Hambright, 130 S.W.2d 436, 439; Hodges v. Nix, 225 S.W.2d 576. A proprietor's duty does not compel perfection, nor must he render accidents impossible.

An invitee is also under a duty to exercise reasonable care for his own self-protection against dangers of which he knows or ought to know. But the duty on the part of the defendant owner is often confused with the invitee's duty to protect himself, by stating in the duty rule that the owner is under a duty to protect the invitee from "hidden dangers" or from those that are known to the owner and unknown to the invitee. Actually, an invitee's knowledge of danger or the existence of facts from which he ought to have knowledge is relevant on the issue of the invitee's own contributory negligence.

There is a clearer understanding of the burden of proof and the respective duty rules imposed upon the invitee and owner when we keep slip and fall cases within the usual pattern of negligence suits so that the invitee is burdened with proving that the owner knew or ought to have known of the presence of danger, and the owner is burdened with proving that the invitee also knew or ought to have known of the presence of danger. Smith v. Henger, supra; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501; Rogers v. Collier, supra. And this is true whether the condition is hidden and concealed or open and obvious, for even though concealed, one is responsible for his conduct, if in fact he had knowledge from whatever source. Assuming a condition of serious danger that is hidden from an invitee; he can not recover if the owner neither knew nor ought to have known of

it, for there is no breach of duty. Or assume a like condition of danger that is hidden and concealed from optical examination, but one about which the invitee actually has knowledge; he still may be denied recovery by reason of his actual knowledge. Hence, whether one has or ought to have had knowledge is the significant inquiry.

To state that an invitee failed to prove a breach of the duty rule because the condition was an open and obvious one is to say that the owner is not negligent because the invitee is negligent too. The burden to prove an invitee's contributory negligence is on the owner. Gulf, Colorado & Santa Fe Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; H. E. Butt Grocery Co. v. Johnson, supra.

To use an "open and obvious" condition as a separate defense is misleading for the further reason that it is not every "open and obvious" condition of danger that precludes recovery. Danger is relative, and a person of ordinary care may incur some hazards. This is the holding in McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, 447, where a plaintiff was injured when he knowingly went into an area of escaping gas for the purpose of pointing out the condition of danger to the defendant's agent. Though he had actual knowledge of the danger of escaping gas and had such information for two years, yet the Supreme Court said: "It is the established rule in this State that even where a person has knowledge, actual or imputed, of a defect, a question of fact as to negligence is presented unless it can be said, as a matter of law, that a person of ordinary care would not have incurred the risk." And in Gulf, C. & S. F. R. Co. v. Gasscamp, 69 Tex. 545, 7 S.W. 227, a plaintiff stopped and personally examined a defect in a bridge and knew of the presence of some danger, but still was not convicted of contributory negligence when he had no choice of routes to his destination. Knowledge of some danger is not always appreciation of the amount of danger. Temple Electric Light Co. v. Halliburton, Tex., 136 S.W. 584, affirmed 104 Tex. 493, 140 S.W. 426; Ridge v. Boulder Creek,

etc., 60 Cal.App.2d 453, 460, 140 P.2d 990; Andre v. Allynn, 84 Cal.App.2d 347, 190 P. 2d 949; 30 Tex.Jur., Negligence, § 96. Negligence may still be a fact question when one knows or is chargeable with knowledge of danger, depending upon the measure of care exercised under those circumstances. Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585; Henwood v. Gilliam, Tex.Civ.App., 207 S.W.2d 904; Texas & N. O. R. Co. v. Blake, Tex.Civ.App., 175 S.W. 2d 683; Northcutt v. Magnolia Petroleum Co., Tex.Civ.App., 90 S.W.2d 632, 633; San Angelo Water Light & Power Co. v. Anderson, Tex.Civ.App., 244 S.W. 571, 572; 65 C.J.S., Negligence, § 121; 30 Tex.Jur., Negligence, § 96. These authorities dispel the idea that anything that can be seen precludes recovery because it is open and obvious. For these reasons an open and obvious condition should not be confused with the plaintiff's initial and separate burden to prove knowledge of danger on the part of the owner. Nor should it be considered proof of contributory negligence as a matter of law in all instances. The phrase is better considered as a summation of strong facts that display contributory negligence as a matter of law. It includes a summation of the presence of danger and also that the invitee knew and appreciated that presence of danger, or should have. 38 Am.Jur., Negligence, 184. It means that the danger is so great and the condition so known and appreciated that it is clear and convincing to the point that reasonable minds can draw no other conclusion than that plaintiff was negligent. Northcutt v. Magnolia Petroleum Co., Tex.Civ.App., 90 S.W.2d 632, 633; San Angelo Water Light & Power Co. v. Anderson, Tex.Civ.App., 244 S.W. 571.

When these rules are applied to this case, the trial court's instructed verdict is correct if the evidence (1) fails to show the presence of a danger, (2) that the owner knew and appreciated or should have known and appreciated, (3) the maintenance of which was negligence, (4) proximately causing the injuries complained of. If these things were shown, still the instructed verdict would be correct, if the evidence shows contributory negligence on the part of the in-

vitee in that he knew or should have known of the danger, and that he was negligent in taking the risk, proximately causing his injuries. If the evidence is so convincing that reasonable minds can not differ, it may be described as "open and obvious."

█ Applying these principles to the burden placed on the invitee, he failed to show the presence of any danger at all, insofar as he alleged the accumulation of muddy water and the failure to place the coco mat on the approach. There was no accumulation either of water or of mud, for Camp admitted it would drain away. Like the sidewalk and all other outside areas where the rain fell, the approach was wet from rains and from such muddy water as was tracked in from ordinary street dust on wet shoes. Appellant tracked in some dirty water by his own wet shoes. This is not a case where water and mud or other substances were permitted to accumulate and make a surface slick and slippery. No claim is made that the approach when wet was of such construction that it was more slippery than ordinary substances. The complaint is simply that it was wet because of the rain. The slippery propensity of the approach is attributed to accumulated mud and water which did not exist. There was a moderate rain on street dust tracked in by persons including the appellant. Rather than proof of a danger, this is no more than proof of a normal and natural condition during a moderate rain. There is no duty on a proprietor to stay the elements, nor to continuously mop during a shower. S. S. Kresge Co. v. Fader, 116 Ohio 718, 158 N.E. 174, 58 A.L.R. 132.

For the reasons stated, the failure to place a mat on the wet approach was not the maintenance of a condition of danger. Schmoll v. National Shirt Shops, etc., 354 Mo. 1164, 193 S.W.2d 605. Moreover, plaintiff's witness who testified about the mat, stated that the placing of a mat actually would have increased rather than diminished the danger. His proof was that there was more danger of slipping with the mat present than with it absent. Danger is not proved by evidence that a greater danger should be created.

■ The single remaining ground for the claimed negligence is the maintenance of the three-inch slope, which we shall consider as a proved condition of danger, though slight, since it was shown by an architect to slope more than usual to the extent of one inch over the eight foot space.

So far as this record shows, the owner had no knowledge of any danger on the approach, nor anything that suggests he ought to have had. Marshall v. San Jacinto Building Co., Inc., Tex.Civ.App., 67 S.W.2d 372; Kern v. Great Atlantic & P. Tea Co., 209 App.Div. 133, 204 N.Y.S. 402. From the authorities already discussed, the mere fact of falling does not prove the presence of danger any more than it proves clumsiness. Nothing had ever occurred prior to April 1, 1949, that should have served as a suggestion, warning, or notice to the owner of the presence of danger any different from or greater than existed elsewhere during a rain. The invitee testified that he had been in the building thirteen years, and that there was nothing about the floor that ever made it appear slippery and dangerous. The sole testimony which could be seized upon to show the owner's knowledge of danger is the expert testimony that the slope was excessive by one-eighth inch per foot over a distance of eight feet. That fact would have to be imputed to the owner solely by reason of his ownership of the building. Such an extreme rule would mean that an owner in law is charged as an expert in his knowledge so that he knows and perceives danger in every structural defect however slight. We find no authority for such a rule. The correct rule is that: "The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 Am.Jur., Negligence, § 97. "If a thing is generally supposed to be universally harmless, and only a specialist would foresee that in a given case it would do damage, a person who did not foresee it and who had no warning would not be held liable for the harm. If men were held answerable for everything they did which was dangerous in fact they would be held for their acts from which harm in fact ensued." Hodges v. Nix, Tex.Civ.App., 225 S.W.2d 576, 581; Smith v. Safeway Stores, Tex.Civ.App., 167 S.W.2d 1044; Scheps v. La Rose, Tex. Civ.App., 88 S.W.2d 557; 38 Am.Jur., Negligence, § 24; 32 Am.Jur., Landlord and Tenant, § 694; 65 C.J.S., Negligence, §§ 5, 208, 270.

The many cases holding a proprietor liable to an invitee were cases wherein the evidence showed either a knowledge of danger or facts from which the proprietor should have known. In Blaugrund v. Paulk, Tex.Civ.App., 203 S.W.2d 947, 949, other persons had fallen at the same place. In H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, the store manager knew of the presence of a foreign substance on the floor. In Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585, the landlord knew that gas was leaking. In Renfro Drug Co. v. Lewis, Tex., 235 S.W.2d 609, 621, there were prior incidents of slipping and falling. In Dawes v. J. C. Penney & Co., Tex.Civ.App., 236 S.W.2d 624, there were prior instances of slipping about which the management knew or should have known, as was also true in J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698. Even in Houston Nat. Bank v. Adair, supra, while the case was decided on other grounds, the opinion states that there was no knowledge by the bank of any danger. Cases where danger either was known or should have been known are no authority where that element is not proved.

Without proof that the owner either knew or should have known of danger, there could be no breach of duty and negligence on his part. For that reason we never reach the question whether the evidence manifested contributory negligence as a matter of law.

The judgment is affirmed.