**Polly Ann HODGE et vir, Appellants,**

v.

**QUIK–PIK ICEHOUSE, Appellee.**

**No. 14760.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 3, 1969.

Rehearing Denied Oct. 8, 1969.

Tom Joseph, San Antonio, for appellants.

G. Thomas Coghlan, Lang, Cross, Ladon, Oppenheimer & Rosenberg, San Antonio, for appellee.

CADENA, Justice.

This is an appeal from a summary judgment rendered in favor of defendant, Quik-Pik Icehouse, in a case in which plaintiff Polly Ann Hodge, joined by her husband, Imore J. Hodge, sought recovery for injuries sustained by her when she slipped and fell as she entered defendant's place of business.

In her petition, plaintiff alleged seven acts or omissions which she contends constituted negligence on the part of defendant proximately causing her injuries. We here consider only her assertions that defendant was negligent (1) in failing to place a mat or other material at the entrance to the icehouse "to reduce the slickness" of the entrance way; (2) in removing cardboard or other material "which had previously been placed at the entrance way to prevent customers from slipping and falling;" and (3) in failing to give warning "of the dangerous condition existing because of the wetness and slipperyness of the floor" at defendant's entrance way.[1]

At the time plaintiff was injured it had been raining for about an hour. Plaintiff was driven to the icehouse, which she had patronized frequently over a period of several years, by a relative. She alighted from the car and, viewing her testimony in the light most favorable to the existence of her claim, walked at her normal gait across a few feet on the asphalt parking area, which was wet, and entered the store. When she had taken one or two steps inside the door, she slipped and fell. She did not look at the floor as she entered. However, after she fell she did examine the floor. Her testimony by deposition was to the effect that there were no foreign substances on the floor and that there was no water on the floor, but that she saw some "tracks" on the floor. The manager of the store, in his deposition, stated that, after plaintiff fell, he noted some wet footprints on the floor. There is nothing in the record to indicate the proximity of such footprints to the place where plaintiff slipped. The record does not disclose whether the footprints were those of plaintiff, or those of her sister, who entered the store while plaintiff was still on the floor following her fall, or whether they had been made by other customers who had entered the store before plaintiff arrived. The summary judgment record furnishes no clue concerning the condition which caused plaintiff to slip.

The manager of the icehouse deposed that, on previous occasions, he had placed

---

1. The first three allegations of negligence charged that defendant had maintained the entrance way in such a manner as to allow water to accumulate, making the entrance way slippery and dangerous; that defendant had permitted water to run from the roof onto the entrance way; and that defendant had failed to construct a gutter to prevent water from falling from the roof "directly onto and into the entrance way." The affidavits and depositions including the deposition of plaintiff, establish that defendant slipped and fell inside the icehouse, and that no water had accumulated on the floor where defendant allegedly slipped. At the time of the accident it had been raining for, perhaps, an hour, and water was running off the unguttered overhang of the roof onto the asphalt parking lot at a point more than four feet from the place where plaintiff fell. There is nothing to indicate that the presence of water on the parking lot had any causal connection with plaintiff's injury.

The fourth asserted ground of negligence related to the use by defendant of "building material for an entrance way walk way that was more slippery than ordinary materials when wet." It is undisputed that the floor of the store consisted of asphalt tile or vinyl tile such as is commonly used in the flooring of kitchens in residences. There is nothing in the record which even raises a suspicion that such tile material is any more slippery when wet than would be the unspecified "ordinary" material which plaintiff apparently believes should have been used.

pieces of cardboard on the floor during periods of heavy rain, but that he had discontinued such practice because the cardboard, when it became wet, created a dangerous condition.

■ The facts of this case are very similar to those considered by this Court in Camp v. J. H. Kirkpatrick Co., 250 S. W.2d 413 (1952, writ ref'd n. r. e.). There, as here, there was evidence to the effect that the surface on which plaintiff fell was wet from water tracked in by people with wet shoes. Rather than proof of a danger, this is "no more than proof of a normal and natural condition" resulting from rain. Therefore the failure to place cardboard or some sort of mat at the entranceway did not constitute the maintenance of a condition of danger. 250 S.W.2d at 418.

Perhaps much of what was said in Camp concerning "no duty" and "open and obvious" cannot be readily accommodated into the framework outlined by our Supreme Court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (1963), concerning "volenti" and "no duty." In any event, defendant in this case affirmatively pleaded the "no duty" doctrine, and it matters little whether we say, as in Camp, that plaintiff failed to show the presence of any danger, or attempt to base our decision on what the Supreme Court admitted may be the rather clumsy concept of "no duty." 371 S.W.2d at 379.

■ Here, too, as in Camp, the only testimony concerning the effect of placing cardboard or other material on the floor consisted of the statement in the deposition of defendant's manager that placing cardboard on the floor only increased the danger of slipping. "Danger is not proved by evidence that a greater danger should be created." 250 S.W.2d at 418.

There is no evidence that the floor of the store, when wet in spots as the result of people entering with wet feet, was more slippery than it would be if other materials had been used as flooring. Even if we assume, as plaintiff contends, that shortly before she fell defendant's manager had removed cardboard which he had placed on the floor, there is no evidence that such removal increased the danger of slipping. If the presence of cardboard increased the danger, its removal cannot be condemned as negligence.

■ Defendant's failure to warn of a danger which did not exist cannot subject it to liability. In addition, as already stated, there is no evidence that the wet tracks were on the floor before plaintiff entered the store. There is no evidence that any other person had preceded plaintiff into the icehouse during the period that it was raining. Even if we assume that the presence of a few wet footprints created a dangerous condition, there is nothing to show that such condition existed when plaintiff entered the store. From the record before us, the inference that the wet footprints were those of other customers who had preceded plaintiff into the store is not one whit more tenable than the conclusion that the footprints were those of plaintiff and her relative.

The judgment of the trial court is affirmed.