**In the Matter of Danny Ray SEAY, aka Danny Ray Conner, a delinquent child.**

No. 8308.

Court of Civil Appeals of Texas, Amarillo.

Nov. 20, 1972.

Bobby D. Allen, Lubbock, for appellant.

Alton R. Griffin, County Atty., George L. Thompson, Lubbock, for appellee.

REYNOLDS, Justice.

Revocation of probation previously granted to a juvenile under provisions of the Texas Juvenile Act, Vernon's Ann. Civ.St. art. 2338–1, is challenged as an abuse of discretion. Affirmed.

After a statutory hearing, the judge of the 72nd Judicial District Court of Lubbock County, sitting as a juvenile judge, declared Danny Ray Seay, aka Danny Ray Conner, to be a delinquent child. He was placed on probation in the custody of his mother and step-father. One of the conditions of probation was that he commit no offense against the laws of the State of Texas. Approximately ten months later, the state, through the office of the county attorney, filed an application to revoke the probation, alleging violation of probation in the commission of two offenses against the laws of the state, viz., felony theft of property, and receiving and concealing stolen property. A hearing on the revocation application was conducted in the same court by the same judge without the intervention of a jury. Following the hearing, a motion to strike the count of receiving and concealing stolen property was granted and, on the finding that the evidence showed beyond a reasonable doubt that the juvenile had violated the condition of probation by committing the offense of theft of property of the value of over $50.00, the probation was revoked, and the juvenile was committed to the care, custody and control of the Texas Youth Council in accordance with the provisions of Vernon's Ann.Civ.St. art. 5143d.

Both parties agree that the question on appeal is whether the trial court abused its discretion in revoking the probation; the juvenile, as appellant here, contends that the discretion exercised was abusive because the court acted on insufficient evidence, particularly in light of the uncontradicted evidence of alibi, and because the juvenile was deprived of further testimony of two witnesses who were excused by the court.

A statement of the evidence heard by the trial court is necessary. The property reported stolen was a motorcycle with an established value in excess of $50.00. Identifiable parts of the vehicle, including the tires and wheels, were in the juvenile's possession some four weeks to two months following the theft. A juvenile, John Luna, presumed to be an accomplice as appellant asserts, testified that appellant told him that appellant had stolen the motorcycle. Another juvenile, Darrell Busbea, testified that he had seen the frame and motor at appellant's house some four weeks after the vehicle was stolen and that later appellant brought the parts to Busbea's house. Appellant denied the theft. It was his testimony that the motorcycle parts, except for the tires and wheels, were delivered to his house by Luna and Busbea, who wanted appellant to assist them in building a racer. Appellant stated that when Luna and Busbea had not appeared some three weeks later to work on the racer, he returned the parts to Busbea. Appellant had a bill of sale, dated some 41 days after the theft, for the tires and wheels signed by Mark Williams, a juvenile who stated his correct name was Mark Woodyard, from whom appellant said he bought the items. Woodyard denied selling the tires and wheels to appellant and testified he had seen them at appellant's house prior to the date on the bill of sale. Woodyard admitted signing the bill of sale, but stated he did so at appellant's request to satisfy appellant's step-father so that he would give permission for appellant to attend a dance. Appellant offered his testimony and that of his mother, step-father, step-father's mother, and a friend that appellant was home, and did not leave, during the time the motorcycle was stolen.

After being called as witnesses by the state, testifying and being subjected

to cross-examination by appellant, John Luna and Darrell Busbea were excused by the court. Thereafter, during presentation of appellant's evidence, appellant's counsel requested that Luna and Busbea be recalled so that he could question them "regarding their relationship to the Woodyard boy." Upon being informed that the witnesses had been excused, appellant made no objection thereto and made no attempt to secure the presence of the witnesses for further testimony. This record does not show an offer of proof by bill of exception or otherwise of the further testimony that was sought to be elicited from the witnesses. Since the proceedings were necessarily civil in nature requiring the customary rules of evidence in civil cases to be followed, Steed v. State, 143 Tex. 82, 183 S. W.2d 458 (1944), no error is presented by the second point of error, J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W. 2d 698 (1940), and it is overruled.

From the appellate perspective, the trial court, having the opportunity to observe the witnesses and their demeanor, is the judge of the credibility of the witnesses and the weight to be given their testimony, and is the sole arbiter of the facts proven. In discharging this responsibility, the judge may believe all, part or none of the testimony of any one witness. Without further reciting the evidence, it is sufficient to note that, in awareness of the legal safeguards accorded the juvenile, a careful scrutiny of this record reveals no abuse of discretion on the part of the trial judge in rejecting appellant's evidence of innocence and alibi and accepting the evidence supporting a violation of one of the conditions of probation. In re Hoskins, 198 S.W.2d 460 (Tex.Civ.App.—Amarillo 1946, writ ref'd n. r. e.). The first point of error is overruled.

The judgment of the trial court is affirmed.