**Mabel SPRAGINS, Appellant,**

**v.**

**JIFFY FOOD STORES, INC., Appellee.**

**No. 17384.**

Court of Civil Appeals of Texas, Fort Worth.

March 23, 1973.

an instructed verdict and entered judgment accordingly.

This appeal from the action of the trial court is based upon two points, by which the plaintiff contends the court erred because her allegations and proof of negligence and her allegations and proof of the defendant's knowledge of the hazardous condition and failure to warn of such condition are sufficient to create a cause of action.

We affirm.

Defendant contends that this is a "tracked in water" case of no liability and relies upon Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (San Antonio Civ.App., 1952, ref., n.r.e.) and Hodge v. Quik-Pik Icehouse, 445 S.W.2d 266 (San Antonio Civ.App., 1969, no writ hist.).

The above cases relied upon by the defendant hold that a premise owner is not liable regardless of who tracked the water in unless the water has been allowed to collect excessively along with mud or some other foreign substance. The cases use the phrase "mud and water or other substances" rather than mud or water.

The plaintiff testified that the floor was vinyl; that it was not a puddle of water as if it had been poured on but merely looked like water that people would have tracked in.

Mrs. Rinehart, the store attendant, described the floor as asphalt tile or vinyl tile. There was no great amount of water accumulated on the floor except what had been tracked in by people within about the last half hour since she had last mopped. It had been raining although she did not know if it was at the time.

The plaintiff further testified that she looked at the floor upon entering the store and did not see the water or anything that led her to believe the floor was slippery. She first saw the water after she fell and had gotten up and moved to the back of the store.

There is no proof that the floor was in a dangerous condition at the time the plain-

Tom P. Briggs, Dallas, for appellant.

Fillmore, Lambert, Farabee & Purtle, and Glynn Purtle, Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This is a slip and fall case. The parties will be referred to as they were in the trial court. Mabel Spragins, appellant, is plaintiff. Jiffy Food Stores, Inc., is defendant.

On December 28, 1969, the plaintiff entered a store owned and operated by the defendant in Wichita County, Texas. She slipped and fell inside the front entrance of the store, striking her head on the floor and her left foot against some object causing lacerations to her left foot with resulting injury and swelling in her right knee.

Over the plaintiff's objection, the trial court granted the defendant's motion for

tiff fell or that her fall was caused by a dangerous condition of the floor. It appears that the plaintiff is saying that because the floor had been previously mopped several times on the day in question and had not been mopped during the half hour before the plaintiff fell that this would be proof of an accumulation of water creating a hazardous condition on the floor at the time of her fall. This, according to plaintiff, is so because if the floor had not been in a hazardous condition because of water it would not have been mopped on the previous occasions.

The Supreme Court of Texas in Texas Sling Company v. Emanuel, 431 S.W.2d 538, at page 541, said: "In Fort Worth Belt Ry. v. Jones, 106 Tex. 345, 166 S.W. 1130 (1914), Chief Justice Brown, writing for this court in answering a certified question, laid down the following rule which has been generally followed in this state. (See, Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 (1955)). The court in Fort Worth Belt Ry. v. Jones said:

" 'A presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. "No inference of fact should be drawn from premises which are uncertain. Facts upon which an inference may legitimately rest must be established by direct evidence, as if they were the facts in issue. One presumption cannot be based upon another presumption." 16 Cyc. 1051; Mo. Pac. Ry. Co. v. Porter, 73 Tex. 304, 307, 11 S.W. 324. * * *' "

We have made a careful review of the entire record in this cause. It reveals no evidence that the floor in question was slippery or that this type of floor when wet is slippery.

The record contains no clue concerning the condition which caused the plaintiff to fall.

The mere showing that the plaintiff slipped and fell does not establish negligence of the owner. There must be evidence that the owner violated a duty to protect the plaintiff from conditions involving unreasonable risk to safety. Parker Food Stores, Inc. v. Pierce, 374 S.W. 2d 699 (Fort Worth Civ.App., 1964, ref., n.r.e.).

All points of error are overruled. The judgment of the trial court is affirmed.