Walter SIFFORD, Appellant,

v.

SANTA ROSA MEDICAL CENTER, d/b/a Villa Rosa, Appellee.

No. 15381.

Court of Civil Appeals of Texas, San Antonio.

June 11, 1975.

Putman & Putman, San Antonio, for appellant.

Clemens, Weiss, Spencer & Welmaker, Gardner S. Kendrick, San Antonio, for appellee.

CADENA, Justice.

This is a slip-and-fall case in which plaintiff, Walter Sifford, appeals from the action of the trial court in granting summary judgment in favor of defendant, Santa Rosa Medical Center, d/b/a Villa Rosa.

Plaintiff claims that he was injured when he slipped and fell while visiting his daughter, Louise G. O'Shea, who was a patient at Villa Rosa, a medical facility operated by defendant.

Defendant's answer consisted of a general denial, a general plea of contributory negligence, and an allegation that plaintiff "voluntarily assumed the risk of the conditions of which he complains." As we understand its brief, defendant does not here contend that the summary judgment "proof" establishes the absence of material fact issues in connection with the affirmative defense of contributory negligence. If we are mistaken in our interpretation of defendant's contentions here, we hold that the record before us does not establish contributory negligence as a matter of law.

▇ Insofar as the general denial is concerned, in moving for summary judgment the burden was on defendant to establish that upon a controlling issue essential to his recovery plaintiff would not have enough evidence to go to the jury. 4 McDonald, Texas Civil Practice, Section 17.26.2, p. 134 (1971 rev.).

Plaintiff contends that he slipped and fell because of the slippery condition of the floor on defendant's premises. His petition contained the following allegations:

1. On April 14, 1973, the date of the alleged accident, it had been raining intermittently. The floor in question was con-structed of materials which rendered the area extremely slippery and hazardous when the material became wet.

2. The floor was constructed in such a manner as to permit water and oil to accumulate on the floor.

3. Prior to the time of the alleged accident, the floor had been freshly waxed, causing it to be extremely slippery and hazardous when it became wet.

4. Although defendant knew that during rainy periods the floor would become slippery and hazardous, defendant failed to provide a mat upon which its business invitees could walk as they were entering and leaving the premises.

5. On the occasion in question, water, wax and other substances had accumulated on the floor, causing it to become slippery and dangerous.

6. Defendant knew of such dangerous condition or, through the exercise of reasonable care, should have know of such condition.

7. Defendant failed to warn its invitees of the danger or to take any measures to correct the condition.

8. "Numerous other persons had fallen at the location . . . and this fact was known to defendant."

Defendant's motion for summary judgment stated that the pleadings and depositions on file showed, as a matter of law, the absence of any "genuine issue as to any negligence or breach of any duty" by defendant, and that the undisputed facts show as a matter of law, (1) the absence of any duty owed to plaintiff by defendant; (2) plaintiff knew of and appreciated the specific danger of which he complains in his pleadings; and (3) plaintiff was negligent in failing to keep a proper lookout for his own safety, and such negligence was a proximate cause of his injury.

Plaintiff's reply to the defendant's motion for summary judgment referred to the

pleadings and depositions and, in addition, was supported by the affidavit of plaintiff. In such affidavit plaintiff stated that the floor was "shiny" from waxing and, in addition, the floor was covered "with a sheen of water which was invisible because of the waxed appearance." The affidavit recited that the "combination of wax and water" rendered the floor so slippery that the "ordinary caution exercised by" plaintiff in "anticipation of walking on a waxed surface alone was insufficient when walking on a wax and water surface." The affidavit also asserted that the condition of "wax and water" was known "or should have been known to the defendant."

It cannot be said that the record before us establishes as a matter of law that the floor was not slippery and dangerous. Plaintiff's daughter, who was a patient at Villa Rosa, stated in her deposition that the floor was heavily waxed frequently; that it was slippery, and that patients were warned to be careful because of the slippery condition of the floor. Plaintiff's wife testified that the floor was "slick" and that it appeared to have been waxed the night before. Plaintiff's deposition states that the floor was slick and slippery, and that on entering the premises he warned his wife to be careful, pointing out the condition of the floor. Plaintiff's daughter stated that, immediately after plaintiff's fall, she noted water on the floor, describing the area containing water as not much larger than a cup. She saw footprints on the wet surface. Plaintiff, in his affidavit, stated that the floor was covered with what he described as a "sheen" of water which was invisible.

Defendant contends that the summary judgment in its favor was correctly granted because the record conclusively establishes the absence of any duty owed by it to plaintiff; because the record conclusively establishes that plaintiff knew of and appreciated the specific condition alleged by him to be dangerous; and because the record conclusively establishes that the condition of the floor was open and obvious.

■■ In a trial on the merits, the burden would have been on plaintiff to prove the existence of a legal duty owed to him by defendant. This would include the burden of proving that he did not have actual knowledge of the dangerous condition, that he did not fully appreciate the nature and extent of the danger, and that the danger was not so open and obvious as to charge him, as a matter of law, with such knowledge and appreciation. However, since here the defendant moved for summary judgment, it assumed the burden of proving, as a matter of law, the opposite of what it would have been plaintiff's burden to establish by a preponderance of the evidence, on a trial on the merits. Stated differently, by moving for summary judgment, defendant assumed the burden of establishing as a matter of law that plaintiff actually knew of the alleged dangerous condition, that he fully appreciated the nature and extent of the danger, and that he voluntarily encountered such danger. See Adam Dante Corp. v. Sharpe, 483 S.W.2d 452, 453, n. 1 (Tex.1972).

Defendant calls our attention to Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (Tex. Civ.App.—San Antonio 1952, writ ref'd n. r. e.), and Hodge v. Quik-Pik Icehouse, 445 S.W.2d 266 (Tex.Civ.App.—San Antonio 1969, no writ), where it was said that proof of water on the floor near an entrance to a building is not proof of danger but is, rather, no more than proof of a normal and natural condition during a moderate rain, and that there is no duty on the occupier of a building to "stay the elements" nor to continuously mop during a shower.

We readily agree that defendant was under no duty to "stay the elements." Plaintiff does not here complain of defendant's failure to prevent rain. The alleged negligence consists in maintaining a dangerous condition, not in permitting it to rain. The

destruction of the straw man does not solve the problem. We cannot dispose of the question merely by observing that a wet floor is a normal condition of life on a rainy day. As the Supreme Court pointed out in Rosas v. Buddies Food Store, 518 S.W.2d 534, 537 (Tex.1975), after referring to the language contained in *Camp*: "We do not agree. Whether a condition constitutes a danger is a function of reasonableness. That is, if the ordinarily prudent man could foresee that harm was a likely result of a condition, then it is a danger."

As the movant for summary judgment, the burden was on defendant to establish, as a matter of law, that it had no knowledge of, or could not, by exercise of reasonable care, have discovered, the dangerous condition. Defendant points out that there is no evidence indicating how long the water had been on the floor. But to conclude that the absence of such evidence establishes defendant's non-liability is to place the burden on the opponent of the motion, rather than on the proponent.

In view of the conflicting "evidence" concerning the presence of water on the floor, we must assume, for the purpose of determining defendant's right to summary judgment, that there was water on the floor. The only evidence relating to defendant's knowledge is the testimony of a security guard to the effect that he saw no water on the floor. Even if the strongest possible probative force is given to this testimony, it does no more than establish that one of defendant's employees had no knowledge of the presence of the water. Lack of knowledge on the part of one employee does not conclusively establish lack of knowledge on the part of defendant.

The record does conclusively establish that plaintiff was aware of the slippery condition of the floor and, in fact, warned his wife to be careful. But, in view of plaintiff's affidavit, we must presume that he was unaware of the additional danger created by the presence of water on the floor. In our opinion, reasonable minds could differ as to the conclusions to be drawn from the facts reflected by the summary judgment record. Plaintiff knew that the floor had been recently waxed and he appreciated the danger resulting from that fact. But a reasonable mind could conclude that there was also water, invisible because of the color of the flooring material and its highly polished condition, on the floor. He may have known of some danger, but it is not conclusively established that he knew and fully appreciated the nature and extent of the hidden danger created by the invisible presence of water. Cf. *Adam Dante*, 483 S.W.2d at 455.

What has been said necessarily disposes of defendant's contention that the record conclusively establishes that the danger was so open and obvious as to charge plaintiff, as a matter of law, with knowledge and appreciation of the danger.

Defendant, thus, failed to establish, as a matter of law, that plaintiff had actual notice of, and fully appreciated, the danger, or that the danger was so open and obvious as to charge him with such knowledge and appreciation. The absence of conclusive proof as to these two elements of the "no duty" issues makes it unnecessary to discuss at length the third element of the *volenti* doctrine, that is, whether plaintiff voluntarily encountered the risk. As we understand the doctrine, a person can be held to have voluntarily assumed a risk only if he had knowledge, actual, constructive or imputed, of such risk.

We are aware of conflicts between plaintiff's deposition and his affidavit, particularly with respect to the presence of water on the floor. However, under our practice, there is no basis for giving controlling effect to a deposition as compared to an affidavit. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962). The conflict does no more than raise an issue of fact.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.

MURRAY, J., not participating.