**REED et al. v. YONKER.**

No. 12214.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 7, 1951.

Rehearing Denied March 7, 1951.

Coleman Gay, James H. Rogers, Austin, for appellants.

Lloyd & Lloyd, Alice, for appellee.

NORVELL, Justice.

■ This is an exception 4 venue case, Article 1995, § 4, Vernon's Stats. The controlling authority is Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The resident defendant was John R. Pedigo. The non-resident defendants were Hiram M. Reed and Ruth Reed Hall, independent executors of the estate of D. C. Reed, deceased, residents of Travis County, Texas. The petition alleged joint causes of action against Pedigo and the D. C. Reed estate. The ques-tion on this appeal relates to the sufficiency of the proof of a cause of action against Pedigo, the resident defendant. The trial judge held that a cause of action against said defendant had been made out and that the cause should be tried in Jim Wells County where the suit was filed. All conflicts in the testimony must be resolved in favor of the order overruling the plea of privilege and the evidence viewed in the light most favorable to the prevailing party below. When this is done, it is clear that the order of the court below should not be disturbed.

■ The plaintiff, Tom Yonker, and the defendant John R. Pedigo were the only persons who testified. It is undisputed that a business was carried on in Jim Wells County under the name of "Reed and Pedigo." It is likewise undisputed that the accounts sued upon arose out of agreements had between Yonker and Pedigo. When a party secures services or equipment from another, it may be reasonably inferred that he intends to pay for the same unless it is made clear that he is acting in a representative capacity on behalf of some other person. Yonker testified that he furnished services and equipment to "Reed and Pedigo" upon orders of Pedigo. Yonker's testimony, which was credited by the trial judge, made out a case against the resident defendant.

■ Pedigo testified that he was acting for "Reed and Pedigo" in securing services and materials from Yonker, but that he was a mere agent or manager for D. C. Reed, who was in effect doing business under the firm name of "Reed and Pedigo." This evidence, if credited, would relieve Pedigo of all liability and render the D. C. Reed estate alone liable for the obligations sued upon. Pedigo's testimony upon this point was wholly uncorroborated. He was an interested party and his credibility was for the trial judge as the trier of facts.

We hold that the court below could reasonably conclude from the evidence that Yonker had sustained the burden of proving a cause of action against Pedigo, the resident defendant, and the order appealed from is accordingly affirmed.