**McLELLAN STORES COMPANY,**
Appellant,

v.

**F. H. LAYFIELD et ux., Appellees.**

No. 3486.

Court of Civil Appeals of Texas.

Waco.

Sept. 26, 1957.

A. L. Breeland, V. Robert Curtis, Dallas, for appellant.

Dawson & Dawson, Chas. L. Price, Corsicana, for appellees.

McDONALD, Chief Justice.

This is a slip and fall case. Parties will be referred to as in the Trial Court. Plaintiff Mrs. Layfield plead that she went into defendant's store to buy some merchandise; that the walkways in use in the store were old, worn smooth in places, rough, irregular and uneven in places and presented a dangerous surface upon which to walk; that an oily sweeping compound had been used which rendered the floor even more dangerous and hazardous; that while plaintiff was walking on the floor, by reason of the unsafe and dangerous condition of the floor and without fault or negligence on her part, she was caused to fall and sustained serious, painful injuries. Plaintiff plead that defendant was negligent in maintaining the floor in the condition set forth and that such negligence was the proximate cause of plaintiff's injuries.

Trial was to a jury, which, in answer to Special Issues, found:

1) The floor of defendant's store was in a slippery condition at the point where plaintiff fell.

2) That such condition was not known to defendant.

3) That defendant's permitting such slippery condition was negligence.

4) That such negligence was a proximate cause of plaintiff's injuries.

5) That the floor in defendant's store was worn and uneven at the point plaintiff fell.

6) That such condition was known to defendant.

7) That permitting of such condition was negligence.

8) That such was a proximate cause of plaintiff's injuries.

9 and 10) That $2,800 would fairly compensate plaintiff for her injuries.

12) That plaintiff did not fail to keep a proper lookout.

14) That plaintiff's injuries were not the result of an unavoidable accident.

15) That the condition of defendant's floor was not open and obvious to plaintiff.

Based on the foregoing verdict the Trial Court entered judgment for plaintiff for $2,800. Defendant appeals, contending:

1) That the conditions complained of by plaintiff were "open and obvious" to plaintiff.

2) The Trial Court erred in admitting evidence of subsequent falls without any showing of relationship or sufficient similarity of causation.

3) The Trial Court erred in admitting in evidence defendant's local manager's report of accident to his superiors.

4) The Trial Court erred in submitting Issue 5 because insufficient evidence was presented to show that the floors were uneven at the point where plaintiff fell.

5) The Trial Court erred in submitting Issue 8 because *no* evidence was offered that a worn and uneven floor caused plaintiff to fall.

■ Reverting to defendant's 1st contention—that the conditions complained of by plaintiff were "open and obvious" to plaintiff, for which reason the Trial Court should have granted defendant's motion for judgment non obstante—as noted, the jury found that the floor was in a slippery, worn, and uneven condition; that such was negligence and a proximate cause of plaintiff's injuries; that plaintiff did not fail to keep a proper lookout; and that the condition of the floor was not "open and obvious" to the plaintiff. The record reflects that plaintiff came into the defendant's store to shop; that after she left the main aisle her heel and foot slipped on what seemed like a banana peel and she fell; that the plaintiff had been away from Corsicana six years and hardly ever visited defendant's store; she did not go in to make an inspection of the floor, and was not specifically looking at the floor, but was looking primarily for merchandise. After she fell she noted the condition of the floor. We think that the jury's answer to the issue submitted is amply sustained by the evidence.

■ Defendant's 2nd contention complains of the Trial Court's admitting evidence of subsequent falls without any showing of relationship or sufficient similarity of causation. Plaintiff's attorney was permitted on cross-examination of defendant's store manager to show that subsequent to the time of plaintiff's fall some five to seven people suffered falls in defendant's store. The record shows that a number of people fell on defendant's floor both before and after plaintiff fell; that the floor was in bad condition and was subsequently replaced. The rule is that in actions for personal injuries claimed to have been due to the defective condition of a highway or floor, instances of injury to other persons at the same place or occurring under substantially similar circumstances are admissible to evidence its condition. We think the objected to testimony showed sufficient similarity of condition and causation as to be admissible. Further, the objected to testimony was merely cumulative of testimony from other witnesses as to falls and could not have caused the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

■ Defendant's 3rd contention is that the Trial Court erred in admitting into evi-

dence the "Report of Accident" forwarded by defendant's local manager to defendant's headquarters. Defendant's local manager used the instrument to refresh his memory. The record reflects it was a report made a regular part of the business and a regular part of the records, kept on each accident and a copy of same forwarded to the defendant's New York office. Clearly, the instrument is a regular business record and admissible in evidence under Article 3737e, Vernon's Ann.Civ.St. Further, the evidence, if inadmissible, constitutes harmless error under Rule 434, T.R.C.P.

Defendant's points 4 and 5 contend that there was insufficient evidence to raise a fact issue as to whether the floor was worn and uneven where plaintiff fell, and that there was *no* evidence that same was a proximate cause of her injuries. Without detailing the evidence, we think that there was evidence to raise the issues submitted and that the evidence is sufficient to sustain the jury's answers thereto.

All of defendant's points and the contentions thereunder made have been carefully considered and are each overruled. The judgment of the Trial Court is affirmed.