**V. E. McFARLING, Appellant,**

v.

**Lula D. MALTBY, Appellee.**

No. 3656.

Court of Civil Appeals of Texas.

Eastland.

Sept. 29, 1961.

Touchstone, Bernays & Johnston, Dallas, for appellant.

Duncan Gault, Mineral Wells, for appellee.

WALTER, Justice.

This is a plea of privilege case and the judgment overruling the plea is affirmed. Mrs. Lula D. Maltby filed suit against V. E. McFarling for damages, alleging she sustained personal injuries when she fell as she was leaving the cafe at the Cedar Crest Lodge, a commercial fishing establishment on Possum Kingdom Lake in Palo Pinto County. The lodge was operated by McFarling. He filed a plea of privilege, and Mrs. Maltby controverted it and alleged the court had venue under subdivision 9a of Article 1995 of Vernon's Annotated Civil Statutes. The plea of privilege was overruled and McFarling has appealed, contending the court erred in overruling his plea of privilege because Mrs. Maltby failed to introduce any evidence of negligence that was a proximate cause of her injuries. He also contends the court erred in permitting a witness to testify to a statement he heard another person make to the manager of the lodge at the scene of the accident concerning knowledge of the dangerous condition of the steps to the cafe.

Mrs. Maltby had the burden of proving the venue facts by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Our Supreme Court in the case of James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323, said: "On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment." Our Supreme Court in Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, speaking through Justice Calvert, said: "In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cockran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Three of the specific acts of negligence which Mrs. Maltby alleged were singly or collectively a proximate cause of her injuries are as follows: (1) "In failing to provide a light over or at the entrance to the cafe and the steps where the accident occurred at the time and on the occasion

in question." (2) "In failing to provide a regular and uniform pattern of steps and entrance to the cafe at the time and on the occasion in question." (3) "In failing to provide an initial step of sufficient size immediately in front of the cafe door at the time and on the occasion in question."

McFarling testified substantially as follows: that he was operating the Cedar Crest Lodge at the time of Mrs. Maltby's accident; Mrs. Maltby and others were having a family reunion and rented cabins from him at the lodge; he was at home and did not see the accident and did not learn about it until the next morning; Bob Rogers was employed by him as manager; and that it had never been brought to his attention that anyone except Mrs. Maltby had stumbled on these steps.

C. A. McGill testified substantially as follows: that Mrs. Maltby is his sister and all members of his party were paying guests at the lodge and they ate some of their meals at the cafe; his sister's accident occurred after dark; he arrived at the scene of the accident soon after it occurred, at which time Mrs. Maltby was lying on the ground; Rogers, the camp manager, was at the scene of the accident; there were three or four other people at the scene whose names he does not recall; within five minutes after the accident and at the scene of the accident he heard a lady tell Rogers, "Bob, I told you to do something about those steps. I fell there myself." and that Rogers made no reply; there were no lights of any kind over the door at the entrance to the cafe; there were no lights of any kind illuminating the entrance of the cafe; there were shadows and darkness over the steps that led from the entrance of the cafe; the first step outside the cafe entrance is approximately two feet wide and five feet long; the second step is about eight feet wide; the drop from the first to the second step is five or six inches; the vertical distance from the second step down to the concrete ramp is approximately fifteen inches;

there had been some changes made to the entrance of the cafe since the accident in that the hinges on the doors had been changed from the left to the right side; the door is approximately three feet wide and when fully opened completely covers the first small step; there is an evaporative cooler now at the entrance whereas at the time of the accident there was a refrigerative type cooler. Mrs. Maltby introduced pictures showing the entrance to the cafe.

Mrs. Maltby testified she was a registered nurse and this was her first visit to the lodge; that prior to her accident she had been in the lounge of the cafe drinking coffee and watching television; after the Perry Como show she paid for her coffee and left the cafe. When she was asked to tell what happened as she started to go out of the cafe, she said: "I just went out the door and closed the screen door and apparently—I took a step to go down the steps and the porch and I just walked into the air. * * * I came out the door. The door opened opposite from what it does now. The door opened this way, then. And I closed the door and I started to walk to come off, and I stumbled and my foot went off of this. Apparently I was too close to the edge for a step. As a matter of fact it is not wide enough for an ordinary step to be taken. * * * And then I just stepped into the air. I couldn't get ahold of anything and I stumbled and fell." She received a fractured hip and was taken to Hendrick Memorial Hospital at Abilene. After her eighth month checkup with Dr. Bray, she was transferred to Dr. Manning at her home in Pawhuska, Oklahoma. She also testified there was no light of any kind over or about the steps at the entrance to the cafe and when she was asked on cross examination, "And in all truthfulness, you just missed your step, didn't you?" she answered "Well, I think if it had been properly lighted I wouldn't have. There was no light there."

Our Supreme Court in the case of Triangle Motors of Dallas v. Richmond, 152

Tex. 354, 258 S.W.2d 60, 63, said: "A guest has a right to presume that premises are kept in a safe condition for his use and is under no obligation to search out defects therein. Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357."

Our Supreme Court in the case of Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357, 361, said: "In lieu of discussing other cases the following excerpt from J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698, 699 (a primary negligence case), is incorporated herein because of the peculiar applicability hereof its language, as well as its holdings: 'The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other. Examining the facts in the case before us, we are of the opinion that an issue is presented on the negligence of plaintiff in error in failing to maintain the premises in a reasonably safe condition. Jurors might conclude that the slight offset on the wide concrete area was deceptive and dangerous. The record does not disclose why such a slight offset should have been maintained or what purpose it served. Plaintiff in error invited the public, including Mrs. Brockman, to come through the north entrance of this store, thereby impliedly representing that it was safe for them to do so. If it was unsafe, the jury might have concluded that plaintiff in error should have made it safe, or, if that could not be done practically, should have discontinued the use of that entrance altogether. We cannot hold that this slight offset was so obvious as to exonerate plaintiff in error of all negligence as a matter of law.' "

A careful study of the facts and circumstances in evidence leads us to the conclusion that they raise fact issues of negligence and proximate cause.

The statement, "Bob, I told you to do something about those steps. I fell there myself." was made to the cafe manager at the scene of the accident and very soon thereafter, and he made no reply thereto. We hold said testimony was relevant and material on the issue of negligence. Fort Worth & Denver C. Ry. Co. v. Measles et vir, 81 Tex. 474, 17 S.W. 124; Weingarten, Inc. v. Brockman et ux., Tex.Com.App., 135 S.W.2d 698; McLellan Stores Company v. Layfield et ux., Tex. Civ.App., 305 S.W.2d 830.

We have examined all of appellant's points, find no merit in them and they are overruled.

Judgment affirmed.