GREAT AMERICAN LIFE AND HEALTH INSURANCE COMPANY and Blue Bonnet Life Insurance Company, Appellants,

v.

Henry W. MAYER et ux., Appellees.

No. 4167.

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1963.

Kelly, Hunt, Cullen & Mallette, Victoria, for appellants.

Guittard & Henderson, Victoria, for appellee.

McDONALD, Chief Justice.

This suit was brought by plaintiffs Henry W. Mayer and wife, against defendant Insurance Companies, to recover benefits claimed by plaintiffs to be due under 2 contracts of hospitalization insurance issued by defendants on plaintiff Henry W. Mayer. The claims actually made were for hospital, drug, and doctors' bills incurred from December 19, 1961 until April 30, 1962. Defendants stipulated the reasonableness and necessity of all bills, and the amount of attorneys' fees, and the only question for determination by the Trial Court was whether or not the exclusionary language in the policy and relied upon by defendants precluded recovery. The policies contained the following exclusion from coverage: *"Any condition of the heart circulatory system."*

The evidence was undisputed that *"heart circulatory system"* was the blood vessels which supply the heart. The evidence was likewise undisputed that plaintiffs' claim was predicated on illness not related to *"heart circulatory system."* Trial was to a jury. At the close of the evidence both plaintiffs and defendants moved for instructed verdict.

The Trial Court overruled defendants' motion for instructed verdict, and granted plaintiffs' motion for instructed verdict, and rendered judgment for plaintiffs for $1629.-60 against Great American, and $1629.60 against Blue Bonnet, together with attorneys' fees.

Defendants appeal, contending:

1) The Trial Court erred in refusing defendants' motion to file a supplemental answer; and erred in permitting plaintiffs to file a trial amendment.

2) The Trial Court erred in permitting testimony from a medical witness over objection.

3) The Trial Court erred in taking the case from the jury and instructing a verdict for plaintiffs.

4) The Trial Court erred in denying defendants' motion to dismiss plaintiffs' cause after discovery of erroneous statements of fact in plaintiff's application for insurance.

■ We revert to defendants' 1st contention. The matter of permitting a trial amendment or the filing of supplementary pleadings is in the sound discretion of the Trial Court, and his order will not be disturbed, absent a clear abuse of his discretion. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, Rule 66 Texas Rules of Civil Procedure. A trial court does not abuse its discretion in permitting the filing of a trial amendment where the opposite party does not ask for a postponement upon its filing. Henslee v. 1st Nat. Bank, C.C.A. (n. w. h.), 314 S.W.2d 881; Lone Star Steel Co. v. Owens, C.C.A. (n. r. e.), 302 S.W. 2d 213; American Cas. & Life Ins. Co. v. Parish, C.C.A. (n. w. h), 355 S.W.2d 781.

■ Contention 2 concerns the Trial Court's permitting plaintiff's doctor to read from a medical dictionary. The doctor (as well as another doctor) testified that "heart circulatory system" was essentially the blood vessels which supply the heart. The plaintiff's doctor did read from a medical dictionary an excerpt, which said substantially the same thing that he and the other doctor testified to. While the evidence was probably inadmissible, it was merely cumulative of the uncontradicted testimony of the 2 medical witnesses. Since the cause was disposed of by the Judge without the aid of the jury, it is presumed that he disregarded any inadmissible evidence. Ferguson v. Ferguson, Tex.Comm.

App., 23 S.W.2d 673. In any event, we think the matter harmless. Rule 434 T.R. C.P.

Contention 3 is that the Trial Court erred in taking the case from the jury and in instructing a verdict for plaintiffs. The burden was on plaintiffs to demonstrate that their claim was not barred by the exclusion in the policy, which was that no coverage existed for sickness arising from *"heart circulatory system."*

■ Plaintiffs put on 2 medical doctors, both of whom testified that "heart circulatory system" was the blood vessels which supply the heart; and that the condition for which plaintiffs' claim was brought, was not a condition of the heart circulatory system. Defendants offered no witnesses. Issuance of the policies, payment of premiums, denial of claims were undisputed; and the amount of the loss and attorneys' fees were stipulated. When defendants failed to dispute plaintiffs' evidence as to the condition from which plaintiff suffered, and the meaning of the exclusion plead no fact issue remained, the instructed verdict was properly given. United States F. & G. v. Baldwin Motor Co., Tex.Comm.App., 34 S.W.2d 815; United Service Auto. Ass'n. v. Miles, 139 Tex. 138, 161 S.W.2d 1048.

■ Contention 4 is that the Trial Court erred in not sustaining defendants' motion to dismiss plaintiffs' case after discovery of erroneous statements of fact in plaintiff's application for insurance. Rule 94 T.R. C.P. provides that matters constituting an affirmative defense must be specifically plead. No such pleadings were filed by defendants. Such a defense cannot be employed through motion practice.

All of defendants' points and contentions are overruled, and the judgment of the Trial Court is affirmed.