**Gloria Jeannine ALLISON, Appellant,**

v.

**A. P. ALLISON, Jr., Appellee.**

**No. 3835.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 29, 1963.

Rehearing Denied Jan. 10, 1964.

Victor R. Blaine, Houston, for appellant.

Ennis Favors, Stephenville, Clyde Woody, Houston, for appellee.

COLLINGS, Justice.

This is a divorce suit brought by A. P. Allison, Jr., against his wife Gloria Jeannine Allison. Plaintiff also sought custody of their minor child. The case was tried before the court without a jury and judgment entered granting plaintiff a divorce and custody of the minor child. Gloria Jeannine Allison has appealed.

It is contended in appellant's first point that the court erred in not dismissing appellee's suit for divorce because he failed to prove by full and satisfactory evidence that he was an actual bona fide inhabitant of the State of Texas for a period of twelve months prior to exhibiting his petition. The point is not well taken.

A. P. Allison, Jr., filed this suit on April 21, 1962, and it was alleged in paragraph 1 of his petition that he was and had been for more than twelve months preceding the filing of the petition a bona fide inhabitant of the State of Texas and

that he had continuously resided in Erath County for more than six months preceding the filing of such petition. On October 17, 1962, more than a year after the parties returned from Arkansas to Texas, as shown by the evidence, appellant Gloria Jeannine Allison filed her sworn answer and cross action. In this pleading appellant admitted appellee's allegations concerning residence as set out "in paragraph 1 of plaintiff's original petition." It thus appears that appellant has by her pleadings admitted the facts required to be shown concerning appellee's residence. Appellant also alleged in her sworn pleading that she was and had been for more than twelve months prior to the exhibiting of appellee's petition and the exhibiting of her answer and cross action an actual bona fide inhabitant of the State of Texas. At the trial both appellant and appellee waived a jury and announced ready for trial and presented evidence in support of their respective contentions. Based upon the evidence this judgment was entered by the court on March 8, 1963. Under these circumstances appellant is not in position to complain of the action of the court in hearing the case and granting appellee's petition for divorce. Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Harris v. Harris, Tex.Civ.App., 190 S.W.2d 489; Long v. Long, Tex.Civ.App., 365 S.W.2d 214.

In this connection the evidence also shows that the parties were married in Kerrville, Texas, on July 10, 1959; that on July 12th or 13th, 1959, they left for Little Rock, Arkansas, where appellee was to receive employment as "a resident surgeon" in the Veterans Hospital. The parties lived in Arkansas until the last week of July, 1961, and then returned to Texas. Appellee testified that his residence in Arkansas was temporary and that he "primarily intended to return to Texas." He admitted that he had considered other places to locate after he finished his residency in the hospital at Little Rock and possibly could have gone elsewhere but referred to his employment in the hospital in Arkansas as a training program. Another witness referred to his work there "as an intern." The evidence, in our opinion, supports the conclusion that appellee's residence in Arkansas was temporary and that he never intended to abandon his residence in Texas while he was serving his residency in the Veterans Hospital in Little Rock, Arkansas. It is presumed in support of the judgment that the court so found.

We also overrule appellant's second point in which it is contended that the court erred in considering a letter of an employee of the Harris County Probation Department as probative evidence because it was hearsay. Unquestionably the letter was hearsay. However, the trial was before the court without a jury and it is presumed that any improper evidence was not considered by the trial judge in arriving at the judgment to be entered. Texas Employers' Insurance Ass'n v. Polk, Tex. Civ.App., 269 S.W.2d 582; Garcia v. Bradley, Tex.Civ.App., 311 S.W.2d 751; 3–B Tex.Jur. 383.

The judgment is affirmed.