Della Sue Gray BLAKNEY et al., Appellants,

v.

PANHANDLE & SANTA FE RAILWAY COMPANY, Appellee.

No. 5604.

Court of Civil Appeals of Texas.

El Paso.

June 17, 1964.

Rehearing Denied July 22, 1964.

Tom Sneed, John J. Watts, James D. Cunningham, Odessa, Maurice R. Bullock, Ft. Stockton, for appellants.

Snodgrass, Smith, Rose & Finley, W. Truett Smith, San Angelo, Travers Crumpton, Ft. Stockton, Connell Ashley, Odessa, for appellee.

CLAYTON, Justice.

This is a suit for damages arising out of the death of Kenneth Ray Blakney, who was killed as a result of a collision between the automobile in which he was a passenger, being driven by Larry Edward Smith, and a flatcar on the appellee's train which partially blocked a crossing in Fort Stockton, Texas. The incident occurred just past midnight on the morning of October 30, 1959, at the intersection of the railroad crossing and U. S. Highway 290. The driver of the automobile also was killed. Suit was on behalf of the widow and minor son of Blakney. On a judgment for appellee based upon jury findings, appellants perfected this appeal.

The jury found that the crossing in question at the time of the collision was not an extra-hazardous crossing; that appellee had an employee stationed at the crossing in such manner as he could have been seen and observed by those in the automobile, and was not negligent in failing to place flares at the point where the flatcar partially obstructed the crossing; that the employee had not flashed a signal to appellee's engineer to stop the flatcar when there was no necessity of stopping the same upon a public crossing; that appellee was not negligent in failing to maintain an automatic signal device with red flashing signal lights and a bell at the crossing at the time of the collision. The jury further found that the deceased Blakney was in a position of peril immediately prior to the collision and this fact was discovered by appellee's employee, who realized that the deceased could not, or might not, extricate himself from such position of peril and that such discovery was made by the employee in time to avoid the collision by the exercise of ordinary care in the use of means at his command by properly using his lantern at the center of the intersection, but not by the use of fusees, and that such employee did not fail to use such means at his command nor did the appellee company fail to give such warning to the two deceased as would

have been given by a person of ordinary care and prudence upon the occasion in question. It was the further finding of the jury that appellee's employee was acting in an emergency which arose after the employee had left appellee's flatcar upon the track over the crossing, but that the employee had acted prudently under the circumstances. On the other hand, the jury found that the deceased Blakney was riding in an automobile which was being driven at an unreasonable rate of speed, but was not negligent in so riding under the circumstances; that he did fail to keep a proper lookout under all the circumstances then existing and that this was a proximate cause of his death. Also, that the driver of the automobile disregarded the warnings of the crossing and the railroad car upon it until it was too late to avoid the collision; that the driver failed to keep a proper lookout, that he approached the crossing at an unreasonable rate of speed and failed to have the automobile under proper control, but that none of these facts in itself was the sole proximate cause of the accident. Thus, it may be seen that the jury found the issues of primary negligence in favor of the appellee, as well as finding the deceased and the driver guilty of certain acts of contributory negligence. That the accident was found to be not unavoidable.

■■ Appellants urge thirteen points of error. Points of Error Nos. 1, 2, 3 and 5 relate to the admission of defendant's (appellee's) exhibit No. 1. This was a police officer's report of the incident entitled "Texas Police Officers' Confidential Accident Report" prepared by, or from information furnished by, one Stanley Harrison, Assistant Chief of Police of Fort Stockton, who investigated the collision and who signed the report. This report was offered in evidence by defendant after plaintiffs had introduced in evidence their exhibit No. 30, which was a copy of a sketch of the scene prepared by the same officer, which showed the location of a brakeman with light, and various objects on the ground, and the approximate speed

and approximate length of skidmarks of the approaching automobile before it struck the railroad car. At the same time that defendant offered in evidence its exhibit No. 1, it offered in evidence its exhibit No. 2 (which was the original of plaintiffs' exhibit No. 30), and its exhibit No. 3, which was a "24 Hour Incident Report" of the accident prepared on information also furnished by Assistant Chief Harrison; the three exhibits constituting the complete file of regular business records of the Police Department in connection with this particular accident. Before being actually admitted in evidence, the three proffered exhibits were proved up in strict accordance with the provisions of Article 3737e, Vernon's Ann.Texas Rev.Civ.St., "Memorandum or record of act, event or condition * * *." Appellants were given ample opportunity to object to the admission of these exhibits, which they did both in the absence of the jury and in their presence, but out of their hearing, in whispered conversations at the bench. The trial judge passed on these objections as they arose, striking out a portion of the proffered reports, and no error appears in the admission of the balance of the exhibits. As to the admissibility of such exhibits and records generally, see Travis Life Insurance Company v. Rodriguez, 326 S.W.2d 256 (Tex.Civ.App., 1959; ref., N.R.E., 160 Tex. 182, 328 S.W.2d 434, per curiam); Western Fire & Indemnity Company v. Bradshaw, 356 S.W.2d 832 (Tex.Civ.App., 1962; ref., N.R.E.). Other than the objection which had been raised to the portion of the proffered reports which was excluded by the trial judge and a general statement that the reports were inadmissible as involving hearsay, the burden of appellants' complaints contained in their Points 1, 2, 3 and 5 are directed at the claimed lack of qualification of the Assistant Chief of Police to estimate the speed of the automobile prior to the collision, as reflected by the exhibits, and the allegation that appellants were required by the trial court to make their objections to exhibit

No. 1 in the presence of the jury. The Assistant Chief's estimated speed of the automobile was first introduced to the jury by the appellants, as it was contained in their exhibit No. 30, which exhibit shows on its face the estimated speed and the length of visible skidmarks; and the allegation as to the action of the trial court in compelling appellants to state their objections in the presence of the jury is not supported in the record. These four points are accordingly overruled.

■■ Points 4 and 6 relate to the testimony at the trial of the appellants' witness Harrison and an appellee's witness Claude Hill as to the speed of the automobile immediately prior to the collision. As the testimony of Harrison relative to speed was substantially the same as that reflected by the diagram in exhibit No. 30 introduced by appellants, the latter cannot now be heard to complain of this testimony, and Point No. 4 is overruled. Point No. 6 is not argued by appellants, but since the testimony of the witness Claude Hill, who was in a truck approaching the scene at the time of the occurrence, and who testified to the estimated speed of the automobile, was substantially the same as, and cumulative of, the testimony of Harrison, such testimony could not have caused the rendition of an improper judgment in the case. (See McLellan Stores Company v. Layfield, 305 S.W.2d 830, Tex.Civ.App., 1957, n. w. h.; Rule 434, Texas Rules of Civil Procedure). Point No. 6 is overruled.

■ Points 7 and 8 are directed to the trial court's submission of Special Issue No. 30 relative to the failure of the deceased to keep a proper lookout and the court's failure to give a requested instruction on said issue. Appellee cites several authorities to controvert these points and calls to our attention that the jury found the issues relating to primary negligence on the part of the appellee in its favor. Appellee quotes the following from the opinion on

motion for rehearing in Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339 (1944; adopted opinion):

" * * * We do not find it necessary to consider the merits of the assignments raising these questions, for the reason that all the issues relating to the primary negligence of the defendants were answered in their favor and, therefore, any error in the manner of submitting issues as to the contributory negligence of the deceased are immaterial. No other judgment than the one in favor of the petitioners could have been rendered by the trial court on the verdict and the errors complained of, if any, are therefore harmless." (Citing numerous authorities).

This case, in addition to being decisive of Points 7 and 8, also sets out rules governing general objections to the introduction of evidence as a whole which could be equally well applied to the record in the instant case.

Appellants' Points 7 and 8 are overruled.

Appellants' Points 9 through 13 assert that the answers of the jury to certain special issues were so against the overwhelming weight and preponderance of the evidence, or the undisputed evidence, as to be manifestly unfair. Appellants' "Argument and Authorities" under these points is as follows:

"In order to adequately point out to this Court the multitude of evidence tending to show that reasonable minds could not conclude that the railroad was not negligent upon the occasion in question would require more time and space than is available. The Record as a whole is available to this Court and upon a reading of the Statement of Facts it is apparent beyond doubt that such issues could only be against the great weight and preponderance of the evidence."

As appellee points out, the Supreme Court, in Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197, has this to say concerning a similar situation:

" * * * It was not the duty of the Court of Civil Appeals to make an independent search of the statement of facts, which in this instance consisted of 510 pages and many exhibits, including account books and other records. Since the petitioner failed to point out to the Court of Civil Appeals any evidence to support his contention that the trial court's judgment should be set aside because it was not supported by the conclusive evidence, he failed to discharge his burden."

The court calls attention to Rule 418, T.R. C.P. As stated, the case before us presents a similar situation to that before the Supreme Court in the quoted case, and we believe we are justified in overruling appellants' Points 9 through 13 without further comment. However, we did review the statement of facts in the instant case, and it does not, in our opinion, support the contention of appellants as embodied in these points. Appellants' Points 9 through 13 are accordingly overruled.

Since all of appellants' points have been treated and overruled, the judgment in this case is affirmed.

PRESLAR, J., not participating.