Jack SCOTT, Administrator of Estate of Lolithia Pauline Scott, Appellant,

v.

INDUSTRIAL LIFE INSURANCE COMPANY, Appellee.

No. 16848.

Court of Civil Appeals of Texas.

Dallas.

Jan. 27, 1967.

George M. Elliott, of Brown, Elliott & Brown, Dallas, for appellant.

J. L. Shook and John D. Crawford, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This appeal involves a policy of credit life insurance issued pursuant to Art. 3.53, Insurance Code, Vernon's Ann.Civ.St. On March 3, 1964 Lolithia Scott, as owner of Park Cities Beauty Salon, executed a promissory note payable to Bank of Dallas in the sum of $3,517.68. The note was also personally signed by her son, Jack M. Scott, as comaker. For the purpose of securing the loan the Bank of Dallas, as issuing agent for Industrial Life Insurance Company, put in force credit life insurance in the amount of $3,000 under Group Policy No. G–2898 which had theretofore been issued by Industrial Life Insurance Company to the Bank of Dallas. Premium was paid by withdrawing funds from the account of Mrs. Scott. At the time of the consummation of the loan Mrs. Scott was under treatment for cancer from which she died on April 1, 1964. Following her death Jack Scott qualified as administrator of her estate and he, together with the Bank of Dallas, made demand upon Industrial Life Insurance Company for the proceeds of the credit insurance coverage. The insurance company denied liability, whereupon this action was instituted by Jack Scott, Administrator, against Industrial Life Insurance Company seeking judgment

for the amount of the policy, statutory penalty and attorney's fees.

The insurance company answered and denied that it was liable on its Group Master Policy No. G–2898 issued to the Bank of Dallas because such policy contained the following insuring condition:

"III. INSURING PROVISIONS

* * *

"(7) No insurance shall take effect on the life of any Debtor who on the date his indebtedness is created is not alive and in sound health. The Company will refund any premium paid for any period not covered by the policy."

The defendant contended that inasmuch as Lolithia Pauline Scott was not in sound health on the date her indebtedness to the bank came into being that such policy did not afford coverage. By way of cross-action against the administrator and also the Bank of Dallas, the insurance company, pleading the specific insuring health condition, above recited, sought cancellation of the insurance policy on the life of Lolithia Pauline Scott. It also alleged that the premium for such policy had been refunded.

The Bank of Dallas filed its answer in which it asserted that it was entitled to receive out of the recovery on the policy the first $3,000, plus interest and attorney's fees and adopted the pleadings and prayer of the original plaintiff against the insurance company.

By trial amendment the administrator alleged that the insurance company had waived or, in the alternative, was estopped from asserting that Mrs. Scott, at the time the indebtedness was created, was not in sound health because the insurance company and its agent had failed to make inquiry concerning the health of the deceased and further had failed to apprise the deceased of the restriction on health contained in the policy.

During the trial of the case the defendant insurance company asked and obtained leave of the court to file a trial amendment in which it was alleged that the debtor, as defined in the credit insurance policy involved, was Jack M. Scott, a person younger than his mother, Lolithia Scott, both of whom were co-makers on the instrument creating the indebtedness of the Bank of Dallas. One of the insuring conditions contained in the policy was:

"III. INSURING PROVISIONS

* * *

"(3) In no case shall more than one person be insured on account of any one indebtedness. If there is more than one Debtor and the Debtors are husband and wife, the person to be insured shall be the husband, and if the Debtors are not husband and wife, the person to be insured shall be the youngest of the Debtors."

The insurance company asked the court to render a judgment declaring that Jack M. Scott, the younger of the two debtors, to be the only insured.

In answer to the above contention the administrator, by trial amendment, contended that the insurance company had waived or, in the alternative, was estopped from asserting or relying upon the insuring condition for the reason that the insurance company failed to apprise the plaintiff of such condition, nor did the insurance company or its agents inquire with respect to such condition and that the plaintiff relied, and paid consideration therefor, upon the fact that the deceased, Lolithia Pauline Scott, was the insured in the contract "in that the said Lolithia Pauline Scott was the lone debtor of the obligation inasmuch as all consideration was paid to her and for her benefit."

Following trial before the court without the aid of a jury, judgment was rendered denying the administrator and the Bank of Dallas any recovery. It was further ordered that the insurance company have judgment cancelling and holding for naught any insurance on the life of Lolithia

Pauline Scott by virtue of Group Master Policy No. G–2898. From this judgment Jack Scott, Administrator of the Estate of Lolithia Pauline Scott, perfected an appeal. The Bank of Dallas has not appealed.

The trial judge filed comprehensive findings of fact and conclusions of law sustaining the judgment. In several of his points of error appellant administrator has challenged these findings and conclusions. The Supreme Court in Brown v. Frontier Theatres, Inc., 369 S.W.2d 299, reiterated the rule which governs us in considering appellant's points which attack these findings and conclusions, as follows:

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. The findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it."

By his first four points of error, briefed together, appellant contends that it was error for the trial court to permit appellee to file its trial amendment setting up a new defense to the effect that Jack Scott was, in fact, the named insured under the credit insurance policy and in finding as a matter of law that the condition in the policy precluded recovery by appellant on the death of Lolithia Pauline Scott.

■ Rule 66, Vernon's Texas Rules of Civil Procedure, expressly authorizes the trial court to allow amendment to pleadings and even directs that the court shall do so freely when the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action. The discretion vested in a trial judge to permit the filing of trial amendments will not be disturbed absent clear evidence of abuse of such discretion. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605; Gulf, C. & S. F. Ry. Co. v. Bliss, Tex.Sup.Ct., 368 S.W. 2d 594.

■ The record fails to disclose any abuse of discretion on the part of the trial judge in this instance. He permitted appellee to amend and also granted leave to appellant to file a trial amendment in which he could reply thereto. Appellant did not ask for a postponement or continuance. Appellant's contention in this regard is therefore without merit and is overruled. Great American Life & Health Ins. Co. v. Mayer, Tex.Civ.App., 373 S.W.2d 391.

The main thrust of appellant's contention under these points seems to be that since appellee wrote a letter denying liability under the policy in question solely for the reason that Mrs. Scott was not in sound health that such company is deemed to have waived any other policy provisions or defenses and the trial court therefore should not have permitted the additional defense under the second quoted insuring condition relating to policy coverage to be asserted in its trial amendment. It should be noted that while this contention was advanced in oral objection to the filing of appellee's trial amendment such was not urged in appellant's trial amendment which did set forth other specific objections.

■ It is true, as now contended by appellant in his brief, that our courts have recognized the rule of law to the effect that where one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are considered waived. However, this rule is modified to the effect that it is inapplicable where the insured has not acted upon the company's position of denial as announced and has not incurred expense or loss or detriment in consequence thereof. National Aid Life Ass'n v. Murphy, Tex.Civ App., 78 S.W.2d 223, 227; American Employers' Ins. Co. v. Brock, Tex.

Civ.App., 215 S.W.2d 370, 375. In Galveston County v. Hartford Fire Ins. Co., Tex. Civ.App., 231 S.W.2d 684, the court considered the rule here contended and after citing many authorities held that where the record failed to reveal that the insurance company's denial of liability on a single issue caused or induced the assured to incur expense or trouble waiver would not apply. Our review of this record reveals no evidence to demonstrate the application of the rule sought to be applied by appellant.

■ In his brief appellant makes a statement that he relied upon the sole defense of appellee by allowing the claim of the Bank of Dallas against the Estate of Lolithia Pauline Scott and also permitting a judgment against the estate in favor of the bank. While these matters are alleged we find no evidence in the record to support the said allegations. Statements of counsel do not constitute evidence. Accordingly, we hold that appellee's denial did not constitute a waiver or estoppel to assert additional grounds of defense avoiding the policy.

■ We find ample evidence in this record to support the trial court's finding and conclusion to the effect that Jack M. Scott was the insured under the contract of insurance sued upon rather than his mother, Lolithia Pauline Scott. The note introduced in evidence disclosed that it was signed by both the mother and her son, as co-makers. Mr. Donnell, an officer of the Bank of Dallas, testified that Jack M. Scott had signed the note with his mother and that Jack M. Scott was indebted to the bank. Obviously these facts disclose that there is more than one debtor to the bank for the obligation evidenced by the note. The policy contained an express insuring condition that there could not be more than one person to be insured on account of any one indebtedness. It also specified that where there were two debtors the youngest shall be the insured. These conditions are plain and unambiguous and must be enforced according to their terms. Ohio Oil Co. v. Smith, Tex.Sup.Ct., 365 S.W.2d 621.

In his fifth through tenth points of error appellant attacks the trial court's findings and conclusions that appellee is not estopped, nor has it waived, reliance upon the policy provision with reference to sound health of the insured debtor. It is undisputed in this record that while James A. Donnell, an officer of the bank, was processing the loan for Lolithia Pauline Scott he made no inquiry as to her health and that neither he, nor any other employee or agent of the bank, made any representation about the health of Mrs. Scott to appellee insurance company. It is further undisputed that neither Jack Scott nor Lolithia Pauline Scott made any representations about her health to the appellee company; that no application for insurance was filed or filled out or required to be filled out by the Bank of Dallas on the life of Lolithia Pauline Scott; and that Lolithia Pauline Scott was never advised of the condition set out in the policy and that she was never supplied with either a copy of the policy or any other evidence thereof prior to her death on April 1, 1964.

Appellant contends that appellee is deemed to have waived the conditions asserted in subsections (3) and (7) of Paragraph III of the group insurance contract in force when Mrs. Scott borrowed the money from the Bank of Dallas and purchased the credit life insurance from appellee, and because of such waiver and in view of appellant's otherwise full compliance with the terms of said policy, appellee should be estopped from denying liability.

Appellant relies upon well recognized authorities relating to forfeiture clauses in insurance contracts and also waiver of clauses in such contracts dealing with requirements preliminary to issuing policies. These cases have no controlling application to the facts here presented.

Appellee in this case does not assert a forfeiture of policy nor a breach of any policy requirements leading to the issuance of the policy. Appellee merely asserts and relies upon the well established rule of law that a contract of insurance, unambiguous in its terms, must be construed to give effect to the intention of the parties as expressed or apparent in the writing. Republic Nat'l Life Ins. Co. v. Spillars, Tex.Sup.Ct., 368 S.W.2d 92, 5 A.L.R.3d 957.

 Appellant seeks to utilize the doctrine of waiver and estoppel to create a new contract between the parties. This he cannot do. In Great American Reserve Ins. Co. v. Mitchell, 335 S.W.2d 707, Tex. Civ.App., wr. ref., Justice Pope succinctly stated the applicable rule:

"Plaintiff's claim and recovery run directly contrary to the settled Texas law of waiver and estoppel with respect to risks designated in an insurance policy. Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write and enlarge the risks covered by a policy. In other words, waiver and estoppel can not create a new and different contract with respect to risks covered by the policy. This has been the settled law of Texas since the decision in Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854."

The same rule was announced and applied by the late and lamented Justice Young of our court in Powell v. American Casualty & Life Co., Tex.Civ.App., 250 S.W.2d 744.

Since the trial court held, and we think rightfully so, that Mrs. Scott was not the real insured under the policy sued upon but rather her son, appellant's contention relating to the policy provision of good health is of no consequence. In any event, we find no merit in appellant's contentions presented.

By his last point appellant contends that the court erred in denying attorney's fees and penalties. Since we have held that there was no legal basis for recovery on the policy sued upon in this case, it naturally follows that attorney's fees are not properly recoverable.

We have carefully examined all of appellant's points of error and finding the same without merit they are overruled and the judgment of the trial court is

Affirmed.