**PERMASPRAY MANUFACTURING CORPORATION et al., Appellants,**

**v.**

**PERMASPRAY MANUFACTURING CORPORATION, a Delaware corporation, et al., Appellees.**

No. 17374.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 9, 1973.

by Permaspray Manufacturing Corporation, a Delaware Corporation, and Larry A. Willis, individually and as trustee, defendants.

It was undisputed that defendants were all residents of Galveston County, Texas.

The trial was non-jury and no findings of fact and conclusions of law were filed and none were requested.

The suit was for damages allegedly incurred by the plaintiffs by reason of fraudulent misrepresentations and promises allegedly made by Mr. Willis in behalf of himself and in behalf of the Delaware corporation. In addition to damages the plaintiffs sought a rescission of a written contract entered into between the defendant, Willis, as trustee, and the plaintiff, Robert H. Pruett, and other directors of Teamco Corporation, by which agreement Willis agreed to conduct an exploration for minerals on certain lands of Teamco's in exchange for the transfer to him of 45% of the stock of Teamco Corporation.

The plaintiffs' first point of error is that the court erred in sustaining defendants' pleas of privilege because plaintiffs made out a case of fraud and misrepresentation committed in Tarrant County, Texas.

We overrule this point.

Plaintiffs relied on Subd. 7, Art. 1995, Vernon's Ann.Civ.St., to keep venue in Tarrant County. It provides: "In all cases of fraud, . . . suit may be brought in the county where the fraud was committed . . . . ."

To keep venue in Tarrant County under Subd. 7, Art. 1995, the plaintiffs had the burden of both pleading and proving a cause of action for fraud and that such fraud was committed in the county of suit. Stegall v. Lytle, 360 S.W.2d 898 (San Antonio, Tex.Civ.App., 1962, no writ hist.) and A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939).

Elton M. Hyder, Fort Worth, for appellants.

Hancock, Bellard, Gay & Kaye, and Kenneth C. Kaye, Dickinson, for appellees.

## OPINION

BREWSTER, Justice.

This is an appeal by Permaspray Manufacturing Corporation, a Pennsylvania Corporation, and Robert H. Pruett, individually and as trustee, plaintiffs, from an order sustaining the pleas of privilege filed herein

The plaintiffs also relied on Subd. 27 of Art. 1995, V.A.T.S., to maintain venue in Tarrant County against the corporate defendant.

Subdivision 27, Art. 1995, provides in part: "Foreign corporations, . . . not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, . . . ."

■ A plaintiff relying on the part of Subd. 27 that we have quoted to keep venue of a foreign corporation in the county of suit, as was the plaintiffs in this case, must at the venue hearing prove by a preponderance of the evidence all of the elements of the cause of action that he has alleged against such foreign corporation and that the cause of action or a part thereof arose in Tarrant County. See McDonald's Texas Civil Practice, Vol. 1, Sec. 4.30.2(I), page 518, Notes 21 and 26, and the cases therein cited.

The only witness that plaintiffs offered at the hearing was the plaintiff, Pruett. He is an interested party. His was the testimony relied on by plaintiffs to show that misrepresentations had been made by Willis and to show that Willis had made promises that had not yet been carried out, and to show where such misrepresentations and promises were made, and to prove up the other elements of the causes of action alleged. Nearly all of his testimony concerning representations and promises made by Willis was denied by Willis. In addition, Pruett admitted that many of the claimed representations and promises were not made in Tarrant County. He also admitted that after knowing Willis for two or three months he did not believe or rely on anything that Willis said. The evidence bearing on the material issues involved was sharply conflicting.

The rules governing this Court in deciding an appeal under circumstances such as those involved here are well settled.

■■ Since no findings of fact or conclusions of law were requested of or filed by the trial court in this non-jury trial the trial court's judgment implies that all necessary fact findings were made by that court in support of its judgment. See Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613 (1950) wherein the court said the following: "In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'"

The rule announced in the Renfro Drug Co. v. Lewis case, supra, is applicable to venue hearings. Johnson v. Abco Industries, Inc., 460 S.W.2d 957 (Eastland, Tex. Civ.App., 1970, no writ hist.) and W. G. Tufts and Son v. Herider Farms, Inc., 461 S.W.2d 257 (Tyler, Tex.Civ.App., 1970, no writ hist.). In the Tufts case, supra, the court said at page 259: "If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal."

■ At the hearing the plaintiff had the burden of proving by a preponderance of the evidence all the facts that were necessary to maintain venue in the county where suit was brought. Murray v. Frankland, 347 S.W.2d 374 (Houston, Tex.Civ.App., 1961, no writ hist.); McFarling v. Maltby, 350 S.W.2d 373 (Eastland, Tex.Civ.App., 1961, no writ hist.); and 60 Tex.Jur.2d, Venue, Sec. 204, Note 15, p. 55.

■ In a non-jury hearing such as this it was the trial judge's function to pass on the credibility of the witnesses, the weight to be given to their testimony, to resolve conflicts in the evidence, and to determine what facts have and have not been established by a preponderance of the evidence. McElyea v. Bowles, 233 S.W.2d 482 (Fort Worth, Tex.Civ.App., 1950, no writ hist.). Where much of the testimony at such a hearing is furnished by interested parties it

is for the trial judge to pass on the credibility of such testimony. Reed v. Yonker, 237 S.W.2d 360 (San Antonio, Tex.Civ. App., 1951, no writ hist.).

After hearing the evidence offered the trial court sustained the pleas of privilege involved, thus impliedly finding that the plaintiffs had failed to establish by a preponderance of the evidence at least one or more of the essential venue facts that they had to prove under both Subdivisions 7 and 27 of Art. 1995, V.A.T.S., in order to keep the case in Tarrant County.

When the test laid down in the Renfro Drug Co. v. Lewis case, supra, is applied to the facts of this case, there is no question but what there is evidence to support the implied findings of the trial court that were essential to the rendition of the decree involved.

Plaintiffs' second point of error states that the same degree of proof is not required in a plea of privilege hearing that is required on a trial on the merits and that when the only evidence on material facts is given by two witnesses and when the witness in behalf of defendants makes himself out to be a liar the court is then obligated to find in favor of plaintiffs and that the court erred in not so holding for the plaintiffs.

We overrule that point.

A plaintiff seeking to maintain venue of a case in a county other than the one where the defendant resides has the burden at the venue hearing of proving the essential venue facts by a preponderance of the evidence. See Murray v. Frankland, supra; McFarling v. Maltby, supra; and 60 Tex. Jur.2d, Venue, Sec. 204, Note 15, p. 55. A plaintiff must also prove the elements of his cause of action by a preponderance of the evidence at a trial on the merits.

In instances where the evidence is conflicting or consists solely of the testimony of interested parties it is the function of the trial court to weigh the evidence and determine the true facts. That court was not legally obligated under the evidence before him here to find for the plaintiff.

The plaintiffs' third point of error is that the court erred in admitting over proper objection of plaintiffs questions that were leading, suggestive, called for a conclusion of the witness and allowed answers that were in violation of the best evidence rule.

We overrule this point.

The point is multifarious because it attempts to attack five separate and distinct rulings of the trial court. Keahey v. Jones, 291 S.W.2d 767 (Amarillo, Tex. Civ.App., 1956, no writ hist.) and Texas Employers' Insurance Ass'n v. Logsdon, 278 S.W.2d 893 (Amarillo, Tex.Civ.App., 1954, ref., n. r. e.).

After stating the point plaintiffs simply copied into their brief the proceedings from the statement of facts wherein on five separate occasions counsel for defendants asked witnesses questions which were objected to by plaintiffs' counsel and which objections were overruled by the trial court. No attempt is made therein to brief the matters complained of or to cite cases showing that any of the rulings involved were erroneous. The listing of the five proceedings complained of is followed by a statement that such proceedings reflect material errors that influenced the decision and for which errors the case should be reversed.

In passing on this point it is not even necessary for us to actually determine the admissibility of the various bits of evidence involved.

Even if we assume in passing on this point that the court did err in each of the five instances involved when he overruled plaintiffs' objections to the evidence complained of in plaintiffs' third point, such point still does not demonstrate that the matters complained of constitute reversible error.

This is true because on an appeal from a judgment rendered in a non-jury case such as this, the appellate court must

presume that the trial court disregarded any evidence that was improperly admitted during the trial and that he did not consider it in arriving at his judgment. Beaird v. Beaird, 380 S.W.2d 730 (Dallas, Tex.Civ. App., 1964, no writ hist.); Simpson v. Vineyard, 324 S.W.2d 276 (El Paso, Tex. Civ.App., 1959, no writ hist.); Great American Life & Health Ins. Co. v. Mayer, 373 S.W.2d 391 (Waco, Tex.Civ.App., 1963, no writ hist.); Allison v. Allison, 373 S.W.2d 862 (Eastland, Tex.Civ.App., 1963, no writ hist.); and Day v. Crutchfield, 400 S.W.2d 377 (Texarkana, Tex.Civ.App., 1965, writ dism.).

There was evidence at the venue hearing other than that complained of in plaintiffs' third point that was sufficient to support the trial court's venue order. In such a case the presumption referred to is applicable. Allen v. Robbins, 347 S.W.2d 362 (Austin, Tex.Civ.App., 1961, no writ hist.) and Texas & P. Ry. Co. v. Empacadora De Ciudad Juarez, S. A., 342 S.W.2d 195 (El Paso, Tex.Civ.App., 1960, ref., n. r. e.).

The judgment is affirmed.