**AMERICAN CAPITOL INSURANCE CO., Appellant,**

v.

**KARNES COUNTY SAVINGS & LOAN ASSOCIATION et al., Appellees.**

No. 15436.

Court of Civil Appeals of Texas, San Antonio.

July 30, 1975.

Rehearing Denied Sept. 10, 1975.

Waitz, Bretz & Collins, San Antonio, for appellant.

Scarborough, Roberts, Busselman & Berry, Kenedy, for appellees.

BARROW, Chief Justice.

Appellant, formerly Columbia Life Insurance Company, has perfected its appeal from a judgment which made final a partial summary judgment granted appellees, Karnes County Savings and Loan Association and Mary L. Colvin, Individually and as Independent Executrix of the Estate of James T. Colvin, Deceased. Appellees brought suit to recover on a policy of group credit life insurance issued by appellant to Karnes County Savings and a certificate issued pursuant thereto in the face amount of $10,000.00 on the life of James T. Colvin. A partial summary judgment was granted Karnes County Savings, as creditor-beneficiary, for the face amount of the certificate plus the statutory penalty of $1,200.00. Judgment was also entered after a non-jury hearing whereby Mrs. Colvin recovered the sum of $1,233.78, for tortious breach of contract and appellees jointly recovered attorneys' fees in the amount of $4,500.00.

On May 26, 1972, appellant issued a master policy of group credit life insurance in favor of Karnes County Savings and appointed Iola A. Young, an assistant vice-president of Karnes County Savings, as its issuing agent. On September 27, 1972, Mrs. Young issued a certificate of insurance to James T. Colvin in the amount of $10,-000.00. On February 24, 1973, Colvin died of a heart attack and claim was subsequently made on the certificate by Karnes County Savings as creditor-beneficiary. The claim was rejected by appellant on the ground that Colvin was not an "eligible borrower" within the terms of the master policy at the time the certificate was issued.

Both parties moved for a summary judgment. Appellant asserted that Colvin was not an eligible borrower under the terms of the master policy. Appellees contended that Colvin was an eligible borrower under the plain and unambiguous language of the policy. They urged in the alternative, that if the definition is ambiguous, it should be construed against the insurer; or, in any event, appellant waived its right to contend Colvin was not an eligible borrower. The trial court concluded that Colvin was an eligible borrower under the plain and unambiguous definition in the policy and accordingly granted appellees a partial summary judgment.

The master policy defines the term "borrower" as one who is indebted to the association for an eligible loan indebtedness.

"Eligibility of Borrowers" is defined as follows:

"A. Present Borrowers as of This Date:

To be eligible, a borrower must be within the age limits provided for in the Schedule of Insurance attached on Creditor's Application. Eligible present borrowers in apparent good health are each eligible only for insurance hereunder, as to their present loans not in default on the effective date of this group policy and for exactly seven (7) days thereafter. All such eligible borrowers shall also be eligible for insurance thereafter on the date they become a debtor of a loan which renews, extends, or replaces a present loan which is not in default.

B. New Borrowers

Eligible new borrowers who are in apparent good health shall be eligible for insurance hereunder on the date they become borrowers, or become a debtor of a loan which renews, extends, or replaces a loan which is not in default."

The summary judgment record establishes that Colvin was a "present borrower" on the effective date of the group policy in that he was indebted to Karnes County Savings on a home loan executed in 1968. On the effective date of the master policy (May 26, 1972), he still owed over $11,000.00 on this loan and he was never in default on this loan prior to his death.

Appellees urge, and the trial court concluded, that all borrowers who were not in default on the effective date of the master policy, and not in default for seven days thereafter, were eligible "present borrowers" and remained so while the master policy was in effect. On the other hand, appellant asserts that the definition of "present borrowers" establishes an enrollment period

of seven days after the effective date of the master policy for a borrower whose loan was not in default.

Article 3.53, Section 5 of the Tex.Ins.Code Ann. (Supp.1975) authorizes an insurer writing a group policy of credit life to establish an enrollment period.[1] While the sentence structure of the definition of eligible "present borrower" leaves much to be desired, the term is meaningful only when construed in the manner urged by appellant. Other definitions in the master policy of "eligible borrowers," whether the debtor be a "new borrower" or one renewing, extending or replacing an old loan, require that the debtor not be in default. To permit a "present borrower," who was not in default on May 26, 1972, or for seven days thereafter, to be eligible for coverage at any subsequent time, irrespective of whether his loan was then in default or not, would be inconsistent with the obvious intent and other eligibility requirements of the master policy. Particularly is this so since monthly payments by the debtors are contemplated.

With the exception of the seven-day enrollment period, the master policy involved herein is very similar to that considered by the Supreme Court in *Republic National Life Insurance Company v. Spillars,* 368 S.W.2d 92 (Tex.1963). The undisputed evidence established that J. D. Spillars was a debtor of the Farmers State Bank on the effective date of the master contract entered into between Bank and the insurer, but his name was not included as one of the debtors to be initially insured as required by the master contract. However, a certificate of insurance was issued to him about six months later. In denying coverage, the Supreme Court said:

---

1. "Sec. 5. Term of Credit Life Insurance and Credit Accident and Health Insurance. —The term of any credit life insurance or credit accident and health insurance shall, subject to acceptance by the insurer, commence on the date when the debtor becomes obligated to the creditor, except that, where

a group policy provides coverage with respect to existing obligations, the insurance on a debtor with respect to such indebtedness shall commence on the effective date of the policy or the date of enrollment for coverage under the group policy, whichever is later."

"The master policy imposes two conditions precedent, either one of which must be met before insurance coverage can exist. The conditions are: (1) J. D. Spillars must have been initially insured as a debtor on the effective date of the policy; or (2) at the time of the execution of the note on December 23, 1960, he must have incurred a new debt and procured insurance coverage. Since J. D. Spillars was not initially insured, the creation of a new debt in order to support a status of a new debtor is the foundation upon which the eligibility of Spillars for insurance must stand or fall."

Since Spillars was not an eligible borrower, coverage was denied and a take-nothing judgment rendered by the Supreme Court. The question of waiver was not considered by the Supreme Court.

■ The master policy issued Karnes County Savings provides three conditions precedent for eligibility: (1) a present borrower not in default must have been initially insured on May 26, 1972, or within seven days thereafter; (2) he must have incurred a new debt which was not in default; or (3) he must have renewed, extended or replaced an original loan which was not then in default. The summary judgment record establishes that Colvin was indebted to Karnes County Savings on the effective date of the policy. This debt was not renewed, extended or replaced on September 27, 1972, when the certificate of insurance was issued Colvin. He, therefore, was not an "eligible borrower" within the clear and unambiguous language of the master policy at that time. See also *Pope v. American National Insurance Company*, 443 S.W.2d 377 (Tex.Civ.App., Tyler 1969, writ ref'd n. r. e.).

Appellees urge that in any event appellant waived this condition precedent for eligibility by issuing certificates to Colvin and several other "present borrowers" more than seven days after the effective date of the master policy. This situation apparently arose because of a change of insurers by

Karnes County Savings. Karnes County Savings had been insured through two other companies prior to securing the master policy from appellant, but these companies limited their coverage to a maximum of $5,000.00. On the effective date of the issuance of appellant's master policy, Colvin was covered through each of these companies with a $5,000.00 certificate. Rather than cancel these policies on a short-term basis, they were kept in effect and when they expired in September of 1972, Mrs. Young issued appellant's certificate to Colvin. Mrs. Young was the agent in this transaction for both Karnes County Savings and appellant. There is no showing that Colvin, whose monthly payments to Karnes County Savings included a charge for credit life insurance, even knew of the change of insurers. His certificate did not include the definition of an "eligible borrower."

■ The rule is settled that while waiver and estoppel may operate to avoid a forfeiture of a policy, they have consistently been denied operative force to change, re-write or enlarge the risks covered by a policy. Thus, waiver and estoppel cannot create a new and different contract with respect to risks covered by the policy. *Scott v. Industrial Life Ins. Co.*, 411 S.W.2d 769 (Tex.Civ.App., Dallas 1967, no writ); *Great American Reserve Ins. Co. v. Mitchell*, 335 S.W.2d 707 (Tex.Civ.App., San Antonio 1960, writ ref'd).

Colvin met all the terms and provisions of his certificate and of the master policy save and except the requirement that his original loan, which was not in default, was not extended, renewed or replaced. There is no contention that appellant could not have knowingly waived this condition precedent so as to cover Colvin who was otherwise eligible in all respects. Such a waiver would not have enlarged the risks covered by the policy. Colvin was a debtor of Karnes County Savings whose loan was not in default; he was within the applicable age limits; and he was in apparent good health. This was the risk insured by appel-

lant for which the premium was paid. See *Republic Ins. Co. v. Silverton Elevators, Inc.,* 493 S.W.2d 748 (Tex.1973).

The meager summary judgment evidence on this issue does not establish or rule out waiver as a matter of law. It was not established that any officer of appellant knew prior to Colvin's death that Colvin or any of the other "present borrowers" who were subsequently issued certificates by Mrs. Young were not then eligible borrowers within the definitions in the master policy. It was not established that there was any discussion or agreement between Karnes County Savings and appellant regarding "present borrowers" who had credit life certificates with the prior insurers. Therefore, a summary judgment was not proper for either party on appellees' plea of waiver.

The judgment of the trial court is reversed and the cause remanded for a trial on the merits. The costs herein are taxed against appellees jointly.

KLINGEMAN, J., not participating.

